Argued September 12, affirmed October 25, 1977

# GARRISON, *Appellant,*
*v.*
# COOK, *Respondent.*
## (No. 90892, SC 25004)
570 P2d 646

Norman K. Winslow, of Winslow & Kaffun, Salem, argued the cause and filed a brief for appellant.

Stuart M. Brown, of Young, Horn, Cass & Scott, Eugene, argued the cause and filed for respondent.

Before Denecke, Chief Justice, Howell and Lent, Justices, and Gillette, Justice Pro Tempore.

HOWELL, J.

## HOWELL, J.

This is an action by the plaintiff to recover on a promissory note executed by his former wife, defendant Dorothy Cook, prior to their marriage. The defendant's motion for a summary judgment on the issue of liability was granted, and defendant was awarded $2,000 in a subsequent hearing for attorney fees pursuant to a clause in the note and ORS 20.096. Plaintiff appeals.

This case has a rather complicated history. The defendant executed a promissory note for $1,914.79 to the plaintiff in June, 1972. One hundred dollars was paid on the note prior to the parties' marriage in July, 1973, and nothing was paid on it thereafter. The marriage of the parties was dissolved by the Douglas County Circuit Court in June, 1975, and while there was no specific mention of the note in the dissolution decree, it purported to dispose of all of the rights of the parties in their property.

The plaintiff then brought this action in Marion County to recover on the note. Shortly after the action was filed, the defendant successfully petitioned the circuit court in Douglas County to reopen the dissolution suit and to expressly dispose of the rights of the parties in the promissory note. The Douglas County court amended its decree and awarded the note to the defendant.[1]

---

[1] Apparently the trial court in the Douglas County suit awarded plaintiff's wife $1,800 as a lump sum support. In allowing defendant's motion to re-open the divorce decree, the trial court expressed displeasure with plaintiff for failing to call the court's attention to the promissory note. The court stated:

"The motion to amend presents a very serious problem to the Court. All items of property ownership should be presented to the Court so that the Court is able to fairly and properly determine the rights of the parties in and to such property. The petitioner was well aware of the existence of this note but did not specifically reveal the note to the Court or make any claim to the note as an asset of his estate. * * * In any event, it is the opinion of the Court that it was the

Relying on the Douglas County court decision, the defendant moved for a summary judgment in the Marion County action. The motion was granted on the issue of liability on the promissory note but not on the issue of attorney fees. At the subsequent hearing on the issue of attorney fees, the court found for the defendant and fixed reasonable fees at $2,000.

The plaintiff has numerous assignments of error, the first of which is that the Marion County Circuit Court erred in granting a summary judgment on the issue of liability on the note, while reserving the issue of plaintiff's liability for attorney fees under the clause in the note. Oregon's summary judgment statute, ORS 18.105, provides, in relevant part:

"* * * * *.

"(2) A party against whom a claim, counterclaim or cross-claim is asserted or a declaratory judgment is sought may, at any time, move, with or without supporting affidavits, for a summary judgment in his favor as to all or any part thereof.

"(3) The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.*

"* * * * *." (Emphasis added.)

---

responsibility of the petitioner to present this matter to the Court during trial so that the Court would have before it all of the evidence with respect to the property rights prior to making its decision on property settlement. * * * If the petitioner is allowed to obtain a judgment upon this note and offset it against the support money ordered by the Court, it will nullify any assistance to the respondent during the period of readjustment for which the Court intended to provide. * * *"

The statute is closely patterned after Federal Rules of Civil Procedure 56, and we will give federal cases interpreting that rule considerable weight, *Hoy v. Jackson,* 26 Or App 895, 897, 554 P2d 561 (1976), especially since the Oregon statute has been only recently enacted.

Plaintiff's theory is that ORS 18.105 allows the court to issue a summary judgment only for an entire cause of action with certain limited exceptions, none of which apply to attorney fees, and thus summary judgment here was inappropriate.[2] Plaintiff attacks the trial court's treatment of attorney fees as damages under subsection (3) and insists that such treatment was not intended by the statute.

There is little authority to answer whether or not granting a summary judgment on liability while reserving the issue of attorney fees is an appropriate use of a summary judgment. The parties cite only one case, *Francher v. Clark,* 127 F Supp 452 (1954), which deals with this issue, and plaintiff correctly distinguishes that case on the grounds that, there, the issue of liability for attorney fees was decided on summary judgment and only the amount was in question at the later hearing, while, here, both the liability for attorney fees and the amount were reserved for the later hearing. We must agree with the plaintiff that attorney fees recovered under a contractual provision are not, strictly speaking, damages, but neither are they an element of liability under ORS 18.105(3), and therefore we must be guided by the policies that underlie Oregon's new summary judgment statute.

ORS 18.105 and Fed R Civ P 56 (after which the Oregon statute was modeled) were enacted to facilitate

---

[2] It should be noted that ORS 18.105(2) provides that summary judgments are available for all "or any part" of a claim. Some federal courts have held that they will not grant summary judgment on a portion of a single claim with the exception of a judgment on an issue of liability. Yankwich, *Summary Judgment Under Federal Practice,* 40 Calif L Rev 204, 221 (1952). *See* Note, *Summary Judgment Procedure in Oregon: The Impact of Oregon's Adoption of Federal Rule 56,* 13 Will L J 73 (1976).

effective use of the court system by allowing for a quick, early and inexpensive method of determining whether the pleadings present a triable issue of fact. As one commentator has noted:

> "The ends sought to be accomplished by the summary judgment rule are reasonably obvious, but it will be worthwhile to restate them as a keynote to our discussion. An essential tool in the efficient administration of justice is a technique for bringing to a prompt conclusion actions in which there is no genuine issue of fact. The rule is intended to eliminate the delay and expense which result from paper issues which in truth are not factual issues. It has a dual thrust. It reaches groundless actions instituted by plaintiffs seeking to harass defendants into nuisance value settlements, as well as baseless defenses interposed by defendants to seize advantage of docket delays before they can be subjected to judgments establishing their unquestionable liability. The object of the rule, therefore, is to permit either party to brush aside groundless allegations in the pleadings and to obtain prompt disposition of the action where a trial would be an empty formality." McDonald, *Summary Judgments,* 30 Tex L Rev 285 (1952). (Footnote omitted.)

*See also* Yankwich, *Summary Judgment Under Federal Practice,* 40 Calif L Rev 204 (1952); Note, *Summary Judgment Procedure in Oregon: The Impact of Oregon's Adoption of Federal Rule 56,* 13 Will L J 73 (1976). The trial court's holding in the present case facilitates the resolution of litigation at the earliest possible time when no genuine issue of fact exists, thus promoting the statutory policy found in ORS 18.105. This is precisely the situation created by subsection (3) of ORS 18.105 when it allows summary judgment on the issue of liability only. That provision in subsection (3) is, in effect, a statement by the legislature that the benefit gained from partial summary judgment on liability only is desirable.

■ We believe that attorney fees are sufficiently analogous to damages in the context of the policies surrounding the Oregon summary judgment statute that a summary judgment on the issue of liability on

[ 210 ]

the note while reserving the question of liability for and amount of attorney fees is a proper use of the procedure.

■ Plaintiff argues that his motion for a voluntary nonsuit should have been granted. In essence, the plaintiff contends that he has the right by statute to terminate his own lawsuit with the ability to refile despite the fact that he has already lost on the merits. ORS 18.230 provides that:

> "(1) A judgment of nonsuit may be given:
>
> "(a) As a matter of right, on motion of the plaintiff filed with the court and served on the defendant not less than five days prior to the day of trial if no counterclaim has been pleaded; * * *.
>
> "* * * * *"

Given the policies that underlie the new summary judgment statute, it is difficult to believe that the legislature intended to allow for voluntary nonsuits after an adverse summary judgment. Any other conclusion would mean that a plaintiff could, through the use of ORS 18.230, avoid the effect of an adverse summary judgment by moving for a voluntary nonsuit. As the Washington Supreme Court stated in *Beritich v. Starlet Corp.,* 69 Wash 2d 454, 458, 418 P2d 762 (1966):

> "The summary judgment procedure, at least from the defendant's viewpoint, would become a virtual nullity if a plaintiff can 'exit stage left' upon hearing an adverse oral decision of the trial judge on the summary judgment motion."

*Cf. Matthews v. Weiss,* 15 Ill App 2d 530, 146 NE2d 809 (1958); *Collins v. Waldo,* 291 SW2d 360 (Tex Civ App 1956). In an effort to effectuate the policy of the summary judgment statute, we hold that a voluntary nonsuit is not available to a party as a matter of right after an adverse summary judgment.

■ After plaintiff's motion for a voluntary nonsuit was denied, plaintiff moved for a summary judgment on the issue of defendant's right to attorney fees. The

motion was denied and plaintiff contends that defendant was not entitled to attorney fees as a matter of law. The promissory note provides attorney fees for plaintiff if there should be an action on the promissory note, and ORS 20.096 provides that when such a clause exists, the prevailing party shall receive attorney fees. Plaintiff's theory is that the term "prevailing party" means he who was to prevail as of the filing of the complaint, arguing that in this case he, the plaintiff, had a winning cause of action at the time it was filed and that only after the intervening decision of the Douglas County court did he then lose his cause of action. Plaintiff cites *Bruckman v. Breitenbush Hot Springs,* 272 Or 1, 534 P2d 971 (1975), for that proposition. *Bruckman,* however, is more properly read to stand for the proposition that the recovery received by a party need not be that prayed for in the complaint to make him the prevailing party. *See Dean Vincent, Inc. v. Krishell Lab,* 271 Or 356, 532 P2d 237 (1975). Further, ORS 20.096(3) specifically defines prevailing party as the one in whose favor final judgment or decree is rendered. We think it is clear that defendant was the prevailing party and was entitled to attorney fees under ORS 20.096.

For his fourth assignment of error, plaintiff argues that the trial court erred in allowing the defendant to amend her second amended answer and increase her prayer for attorney fees after a summary judgment on the issue of liability on the promissory note. Plaintiff attempts to characterize the time of the request for the amendment as being after a final decision on the merits. We cannot agree. As plaintiff pointed out in his first assignment of error, the issue of liability for attorney fees was not decided by the summary judgment given for the defendant and thus the amendment was allowed before a decision on the merits. A motion to amend the pleadings at this stage is within the sound discretion of the court. *Morrill v. Rountree,* 242 Or 320, 408 P2d 932 (1966); ORS 16.390. The record

does not support a finding that the trial court abused its discretion.

■ Plaintiff's final assignment of error is that the amount of the attorney fees awarded by the trial court is not supported by substantial evidence. The record is replete with evidence supporting the award in this case, including a detailed record of the amount of time spent by defense counsel in this action. The trial court has primary responsibility for determining the reasonableness of attorney fees in this type of case, and we cannot say that his determination of what was a reasonable fee is not supported by substantial evidence.

Affirmed.