Argued and submitted January 26, reversed and remanded September 29, 1999

Johnnie N. GUERIN
and Tonya R. Dixon,
*Appellants,*

*v.*

Dr. Leland P. BEAMER,
*Respondent.*

(97CV0036; CA A102184)

986 P2d 1241

Brian C. Joyce filed the brief for appellants.

Marjorie A. Speirs, Janet M. Schroer and Hoffman, Hart & Wagner filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Kistler,* Judges.

KISTLER, J.

* Kistler, J., *vice* Warren, P. J., retired.

**KISTLER, J.**

Plaintiffs filed a notice of dismissal on the day that argument was set on defendant's motion for summary judgment. The trial court granted defendant's summary judgment motion, ruled that plaintiffs' notice of dismissal was moot, and entered judgment for defendant. We reverse and remand.

Plaintiffs sued defendant for medical malpractice. On September 29, 1997, defendant filed a motion for summary judgment. The motion was supported by defendant's affidavit stating that he had exercised reasonable care. Plaintiffs did not respond to defendant's motion within the 20-day period provided by ORCP 47 C, nor did they seek to respond later by asking the court to enlarge the time for filing a response. The trial court set argument on defendant's summary judgment motion for December 8, 1997.

On December 8, 1997, plaintiffs filed a notice of dismissal pursuant to ORCP 54 A(1). Defendant objected that plaintiffs' notice of dismissal came too late, while plaintiffs responded that they had an absolute right to dismiss their action as long as no counterclaim had been filed and they filed their notice at least five days before trial. After considering the parties' arguments, the trial court granted defendant's summary judgment motion and concluded that in light of its ruling plaintiffs' notice of dismissal was moot.

On appeal, plaintiffs do not argue that the trial court's resolution of the merits of defendant's summary judgment motion was erroneous. Rather, they argue that the trial court should not have reached the merits of defendant's motion because they had a right to dismiss their action under ORCP 54 A(1). In determining whether plaintiffs had a right to dismiss their action while defendant's summary judgment motion was pending, we start with the texts of ORCP 47 and ORCP 54 A(1). *See State v. Arnold*, 320 Or 111, 119, 879 P2d 1272 (1994) (applying rules for interpreting statutes to the rules of civil procedure).

ORCP 47 provides that once a motion for summary judgment has been filed and the opponent has had an opportunity to respond, "[t]he judgment sought shall be rendered

forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to a judgment as a matter of law." ORCP 47 C. Viewed in isolation, ORCP 47 C directed the trial court to enter judgment in defendant's favor if, as plaintiffs do not dispute, defendant's unopposed summary judgment motion demonstrated that defendant was entitled to judgment.

ORCP 54 A(1) points in a different direction. It provides: "Subject to the provisions of Rule 32 D and of any statute of this state, an action may be dismissed by the plaintiff without order of court [b]y filing a notice of dismissal with the court and serving such notice on the defendant not less than five days prior to the day of trial if no counterclaim has been pleaded * * *." If a plaintiff's notice complies with those conditions, then ORCP 54 A(1) directs the trial court to enter a judgment of dismissal, ordinarily without prejudice. Viewed in isolation, that rule directed the trial court to dismiss plaintiffs' action without prejudice once it received their notice of dismissal.

Textually, there are at least two possible ways to resolve the tension between the two rules. On the one hand, ORCP 54 A(1) provides that a party's right to file a notice of dismissal is "[s]ubject to the provisions of Rule 32 D and of any statute of this state." ORCP 54 A does not make a party's right to file a notice of dismissal subject to the provisions of ORCP 47, which suggests that a plaintiff's right to dismiss his or her action trumps a defendant's right to pursue a pending summary judgment motion to completion. *See Frohnmayer v. SAIF*, 294 Or 570, 577-78, 660 P2d 1061 (1983) (when the legislature specifies one exception, it impliedly excludes others). On the other hand, the Supreme Court has held that a summary judgment proceeding constitutes a trial for the purposes of ORCP 64, *Carter v. U.S. National Bank*, 304 Or 538, 544, 747 P2d 980 (1987), and the legislature could have intended that the term "trial" in ORCP 54 would be interpreted the same way. Under that view, a plaintiff who wanted to dismiss his or her action would have to file and serve a notice of dismissal at least five days before the hearing on the defendant's summary judgment motion—something plaintiffs did not do here.

Because there are two plausible interpretations, we look to the legislative history of the rules. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993). Before the rules of civil procedure were adopted, *former* ORS 18.230 provided for a voluntary nonsuit, as a matter of right, "on motion of the plaintiff [f]iled with the court and served on the defendant not less than five days prior to the day of trial if no counterclaim has been pleaded." Or Laws 1967, ch 466, § 1. As initially drafted, ORCP 54 A changed both the terminology and the terms on which a plaintiff could dismiss his or her action; it provided that a plaintiff could file a notice of dismissal, as a matter of right, if no answer or motion for summary judgment had been filed. *See* Memorandum to the Council on Court Procedures, July 19, 1978, p 1.

When the draft rules were circulated among the bar for discussion, ORCP 54 A(1) provoked a significant response. *See* Memorandum to the Council on Court Procedures, October 30, 1978, p 1. After considering the bar's response,

> "the Council [on Court Procedures] voted unanimously to amend Rule 54 A.(1) to provide that plaintiff can take a dismissal on the condition that a motion is made five days before the time set for trial. The question was raised whether a non-prejudicial dismissal should be allowed after a summary judgment motion was filed by defendant. It was suggested that the right to a voluntary non-prejudicial dismissal could be limited when a summary judgment was pending, but it was unclear how a motion for partial summary judgment would be treated. The Executive Director was asked to provide alternative versions of [Rule] 54 A.(1) for Council consideration."

Minutes, Council on Court Procedures, October 12, 1978, pp 1-2.

In response to the Council's request, the executive director drafted two alternatives for the Council to consider. Memorandum to the Council on Court Procedures, October 30, 1978, pp 1-2. The first alternative essentially tracked *former* ORS 18.230. It provided that a plaintiff could dismiss an action "by filing a notice of dismissal with the court and serving such motion [*sic*] on the defendant not less than five days prior to the day of trial if no counterclaim has been

pleaded." *Id.* The second alternative imposed an additional condition on a plaintiff's ability to file a notice of dismissal. *See id.* at 2-3. It provided that a plaintiff could dismiss an action "by filing a notice of dismissal with the court and serving such notice on defendant not less than five days prior to the day of trial if no counterclaim has been pleaded and no summary judgment motion seeking summary judgment in favor of an adverse party is pending or no summary judgment adverse to the plaintiff has been filed." *Id.* The executive director's memorandum explained that the last clause "would prevent a plaintiff who suffers a partial summary judgment from taking a non-prejudicial dismissal after the court grants the motion and more than five days prior to trial." *Id.* at 3.[1]

At its November 3, 1978, meeting, the Council on Court Procedures voted to adopt the first alternative. Minutes, Council on Court Procedures, November 3, 1978, p 6.[2] The Council thus rejected a rule that would have prevented a plaintiff from filing a notice of dismissal as a matter of right when a summary judgment motion is pending. It adopted instead a rule that permitted a plaintiff to file a notice of dismissal as long as he or she did so five days before trial. The version of ORCP 54 A(1) that the council adopted was enacted, with minor modifications, by the legislature. *See* Or Laws 1979, ch 284, § 32.

2.      The legislative history of ORCP 54 A(1) reflects a considered policy choice to permit a plaintiff to dismiss his or her action even though the defendant's summary judgment motion is pending.[3] Given that legislative history, we hold

---

[1] Both alternatives provided that dismissal was without prejudice unless the plaintiff had previously dismissed the same claim against the same parties. In discussing the merits of the two alternatives, the executive director's memorandum observed that "[i]n view of the last sentence giving the plaintiff only one non-prejudicial voluntary dismissal, the summary judgment refinement may not be necessary." Memorandum to Council on Court Procedures, October 30, 1978, pp 3-4.

[2] No discussion of the two alternatives is reported. *See* Minutes, Council on Court Procedures, November 3, 1978, p 6. The minutes show that Laird Kirkpatrick moved to amend the first alternative to permit a dismissal as a matter of right even though a counterclaim had been pled. *Id.* Kirkpatrick's amendment failed, and a majority of the committee then voted to adopt the first alternative that the executive director had proposed. *Id.*

[3] In *Garrison v. Cook*, 280 Or 205, 570 P2d 646 (1977), the Supreme Court held that *former* ORS 18.230 did not permit a plaintiff to take a voluntary nonsuit after the trial court had granted the defendant's summary judgment motion. 280 Or at

that plaintiffs' action should have been dismissed once they filed and served a timely notice of dismissal.

Reversed and remanded.

---

211. Defendant argues that the same principle should apply, by extension, to a pending summary judgment motion when an adverse ruling is inevitable. The extension of *Garrison*'s holding that defendant proposes is inconsistent with the policy judgment embodied in ORCP 54 A.