Argued and submitted April 17, reversed and remanded with instructions
October 1, 2003

## Steven R. PALMQUIST,
*Appellant,*

*v.*

## FLIR SYSTEMS, INC.,
an Oregon corporation,
*Respondent.*

## C000376CV; A114514

77 P3d 637

Thomas W. Brown argued the cause for appellant. With him on the briefs were Wendy M. Margolis and Cosgrave Vergeer Kester LLP.

Bruce L. Campbell argued the cause for respondent. With him on the brief were John F. Neupert and Miller Nash LLP.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

Plaintiff brought this action against defendant, his former employer, alleging breach of the employment contract and failure to pay wages within the statutory time limit. Defendant moved for summary judgment. After a hearing on that motion and after the trial court filed an order granting it, but before the order was entered in the court register, plaintiff filed a notice of voluntary dismissal. The trial court refused to give effect to that notice; instead, it entered judgment for defendant with prejudice. Plaintiff appeals, arguing that the trial court was required to dismiss the case without prejudice. We agree and reverse.

The substantive issues in this case revolve around the termination of plaintiff's employment relationship with defendant. A clause in the employment contract gave plaintiff the option of resigning and collecting severance pay in the amount of two years' salary if defendant underwent a "change of control" as defined in another clause. Plaintiff resigned and asserted that a change in control had occurred. Defendant disagreed and did not give plaintiff the severance pay. Further, defendant did not pay plaintiff the outstanding regular salary it owed him until 23 days after the resignation; that delay, according to plaintiff, amounted to a statutory violation and required defendant to pay plaintiff a penalty.

Plaintiff filed this action in February 2000. After several ORCP 21 motions and amended complaints, trial was set for January 4, 2001. Defendant filed a motion for summary judgment on November 21, 2000. On December 22, 2000, four days before the scheduled hearing on the motion, plaintiff filed his response. That response was not timely; it should have occurred within 20 days of defendant's motion. ORCP 47 C. At the December 26 hearing, the court granted defendant's motion to strike plaintiff's late filing and heard argument on defendant's motion for summary judgment. Near the end of the hearing, the court appeared on the verge of ruling in defendant's favor, announcing:

> "Documents should have been filed in response to the motion for summary judgment. You had two notices of it. So

> I am granting the motion to strike [plaintiff's response to defendant's summary judgment motion], and I'll therefore grant, as it's unopposed, defendant's—"

At that point, plaintiff's counsel interrupted, and the court never finished its sentence.[1] Instead, it took the motion under advisement, stating:

> "What I will do is I will review this motion without the responding documents a little more carefully than I did this weekend. * * * I will somehow get you information about whether or not I am granting—it may be by phone call—granting or denying the motion."

Later that day, the court signed an order granting defendant's motion for summary judgment and drafted a letter so advising the parties. The order was not filed until the next morning, when the following sequence of events occurred.

At 10:36 a.m., plaintiff's counsel faxed to the judge's chambers a notice of voluntary dismissal pursuant to ORCP 54 A(1). The notice did not specify that the dismissal was with prejudice; it therefore was notice of dismissal without prejudice. *Id.* The fax was not delivered to the judge. Meanwhile, at 12:58 p.m., the judge's summary judgment order was filed. Approximately 30 minutes later, another copy of plaintiff's notice of voluntary dismissal was hand-delivered to the court clerk.

Plaintiff's notice of voluntary dismissal was entered into the court register the next day, December 28, 2000. The order granting summary judgment was entered on January 22, 2001. Defendant subsequently moved for entry of judgment; plaintiff filed objections, arguing that the court was required to give effect to the notice of dismissal. The court rejected plaintiff's arguments, accepted defendant's, and entered judgment for defendant on March 13, 2001. After the court rejected plaintiff's motion for relief from judgment and for a new trial, plaintiff appealed.

---

[1] Defendant argues that the court ruled from the bench, citing a letter from the court to counsel on February 12, 2001, in which the court states, "In this case, I had rendered my decision from the bench, but only agreed to take another look at one issue at the request of plaintiff." However, the record does not support that characterization of events, and, at a later date (April 25, 2001), the court appears to acknowledge that no oral ruling occurred.

We are now called on to decide whether ORCP 54 A(1) required the trial court to give effect to plaintiff's voluntary dismissal. That rule provides:

> "Subject to the provisions of Rule 32 D [relating to class actions] and of any statute of this state, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal with the court and serving such notice on the defendant not less than five days prior to the day of trial if no counterclaim has been pleaded, or (b) by filing a stipulation of dismissal signed by all adverse parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action against the same parties on or including the same claim unless the court directs that the dismissal shall be without prejudice. Upon notice of dismissal or stipulation under this subsection, the court shall enter a judgment of dismissal."

Plaintiff argues that he filed notice not less than five days before trial; that no counterclaim had been pleaded; that no issues under ORCP 32 D, relating to class actions, are implicated; and that he had not dismissed the action in an earlier adjudication. Therefore, plaintiff maintains, the court was required to enter a judgment of dismissal without prejudice. Defendant, however, argues that ORCP 47 C is a statute that ORCP 54 A(1) is, in the latter rule's terms, "subject to." ORCP 47 C provides, in part, that a "court *shall enter judgment* for the moving party if the pleadings, depositions, affidavits and admissions on file show that there is no genuine issue as to a material fact and that the moving party is entitled to a judgment as a matter of law." (Emphasis added.) Defendant takes this rule to mean that a party cannot, by filing an order, effect a voluntary dismissal once summary judgment has been granted against it.

We confronted a nearly identical situation in *Guerin v. Reamer*, 163 Or App 172, 986 P2d 1241 (1999), and our holding in that case controls this one. In *Guerin*, the plaintiffs sued the defendant for medical malpractice. In response to the defendant's motion for summary judgment, the plaintiffs

filed no response, but, on the day the motion was set for hearing, filed a notice of dismissal pursuant to ORCP 54 A(1). *Guerin*, 163 Or App at 174. The defendant argued that the notice came too late; the plaintiffs argued that ORCP 54 A(1) conferred an absolute right to a dismissal "as long as no counterclaim had been filed and they filed their notice at least five days before trial." *Guerin*, 163 Or App at 174. The trial court determined that the plaintiffs' notice did not preclude the court from entering summary judgment in favor of the defendants.

We reversed. *Id.* at 178. In reaching our conclusion, we examined the legislative history of ORCP 54 A(1), in particular the proceedings of the Council on Court Procedures. *See Lake Oswego Review v. Steinkamp*, 298 Or 607, 610-11, 695 P2d 565 (1985) (looking to council for interpretation of rule of civil procedure); *Gottenberg v. Westinghouse Electric Corp.*, 142 Or App 70, 74, 919 P2d 521 (1996) (Council proceedings serve as "legislative history" for rules of civil procedure). We noted that the council considered two alternatives for ORCP 54 A. The first provided that "an action or proceeding may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal with the court and serving such motion on the defendant not less than five days prior to the day of trial * * *." Memorandum to the Council on Court Procedures, Oct 30, 1978, 1-2. The council's second alternative provided that a plaintiff could file

"a notice of dismissal with the court and serv[e] such notice on defendant not less than five days prior to the day of trial if no counterclaim has been pleaded and no summary judgment motion seeking summary judgment in favor of an adverse party is pending or no summary judgment adverse to the plaintiff has been filed * * *."

*Id.* at 2-3. The council considered and rejected the alternative that would have denied a party the right to voluntary dismissal when a summary judgment motion was filed or pending. In light of that history, we concluded that "ORCP 54 A(1) reflects a considered policy choice to permit a plaintiff to dismiss his or her action even though the defendant's summary judgment motion is pending." *Guerin*, 163 Or App at 177 (footnote omitted).

Although the situation in *Guerin* did not involve a notice of voluntary dismissal filed after an adverse summary judgment order had been filed, the reasoning in *Guerin* reaches that situation: we conclude that, in enacting ORCP 54 A(1), the legislature rejected a rule that would have cut off the right to obtain a voluntary dismissal when the summary judgment "has been filed." Here, then, the filing of the summary judgment by the trial court did not cut off plaintiff's right to obtain a voluntary dismissal, and, because plaintiff's notice did not state otherwise and was the first dismissal plaintiff had obtained in this action, the dismissal was without prejudice. ORCP 54 A(1).

Defendant objects that a contrary conclusion must follow from *Garrison v. Cook*, 280 Or 205, 570 P2d 646 (1977). In that case, the Supreme Court held that, under ORS 18.230, the predecessor statute to ORCP 54, a party could not obtain a voluntary nonsuit "after an adverse summary judgment." *Garrison*, 280 Or at 211. *Garrison*, however, deals with a statute that was replaced and significantly changed by the one to which the legislative history discussed above pertains; that history demonstrates that, under the new rule, *filing* a summary judgment does not *grant* it or *decide* it for purposes of cutting off voluntary dismissal.

Finally, defendant argues that plaintiff's view would result in a defendant

> "never be[ing] able to obtain summary judgment in its favor. A well-prepared plaintiff would appear at a summary judgment hearing armed with a notice of dismissal, which it could promptly file and serve if the court rendered an adverse decision. Even if the defendant came prepared with a motion and judgment for the court's signature, the plaintiff could still file and serve the notice of dismissal before the judgment was entered."

This scenario fails to take into account the last sentences of ORCP 54 A(1). As the Director of the Council on Court Procedures informed the members, those sentences allow "the *plaintiff only one non-prejudicial voluntary dismissal*." Memorandum to the Council on Court Procedures, Oct 30, 1978, 3-4. That fact, the director suggested, might eliminate the need for the suggested "summary judgment refinement"—

that is, the rejected provision that would have cut off the plaintiff's right to voluntary dismissal when a summary judgment motion was pending or a summary judgment had been filed. *Id.* at 4. The council, then, in adopting the version of ORCP 54 A(1) that did *not* contain the "summary judgment refinement," chose to limit plaintiffs' ability to "undo" a filed summary judgment by allowing that to happen only once.

The trial court, thus, erred in failing to enter a judgment of dismissal without prejudice. That conclusion obviates the need to discuss plaintiff's other assignments of error: that the court abused its discretion in rejecting plaintiff's late filing of a response to defendant's summary judgment motion and that it erred in granting defendant's summary judgment motion.

Reversed and remanded with instructions to enter judgment of dismissal without prejudice.