501

Argued and submitted February 16, reversed and remanded with instructions
July 6, 2005

STATE OF OREGON,
by and through its Attorney General,
Hardy Myers,
*Appellant,*

*v.*

CIGTEC TOBACCO, LLC,
a foreign limited liability company,
*Respondent.*

03C-15954; A123209

115 P3d 978

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim and Schuman,* Judges.

EDMONDS, P. J.

---

* Schuman, J., *vice* Ceniceros, S. J.

**EDMONDS, P. J.**

Plaintiff State of Oregon, acting through its Attorney General, brought this action to enforce the requirements of ORS 323.800 to 323.806 (*formerly* ORS 293.530 to 293.535). Those statutes apply to businesses that manufacture cigarettes for sale in Oregon but that are not parties to the Master Settlement Agreement between Oregon and most other states, on the one hand, and the great majority of cigarette manufacturers, on the other. After the trial court made rulings on personal jurisdiction and discovery that plaintiff considered to be damaging, but before the trial court entered a judgment, plaintiff filed a notice of dismissal under ORCP 54 A(1). The trial court thereafter entered a judgment of dismissal that, in plaintiff's view, does not comply with that rule. Plaintiff therefore appeals, and we reverse.

In the underlying action plaintiff alleged that defendant had sold almost two million cigarettes in Oregon in 2002 but had failed to deposit in escrow the amounts that ORS 323.806(2) requires.[1] Defendant asserted that the trial court did not have personal jurisdiction over it. On October 14, 2003, the trial court entered an order that granted defendant's motion under ORCP 21 A(2) to dismiss the complaint on that ground. In its order, the court permitted plaintiff to replead by November 3, 2003, for the purpose of alleging facts that indicated that defendant purposefully directed its activities in a way that resulted in the sale of cigarettes in Oregon in 2002. The court, however, refused to permit plaintiff to conduct any discovery directed toward discovering those facts.

On November 3, 2003, plaintiff, rather than repleading, filed a notice of dismissal under ORCP 54 A(1). Based on that notice, the trial court entered a judgment that provided:

"WHEREAS, the Court by order of October 14, 2003, dismissed plaintiff's amended complaint in this action for

---

[1] The purpose of the escrow is to provide a fund to pay judgments or settlements of claims that plaintiff or other qualified parties might bring against defendant that are of the same nature as those that plaintiff released against most cigarette manufacturers in the agreement. *See* ORS 323.806(2)(b).

lack of jurisdiction over the person of defendant, with leave to replead by November 3, 2003; and

"WHEREAS, plaintiff did not replead by November 3, 2003, and instead filed a Notice of Dismissal, citing ORCP 54A(1); and

"WHEREAS, *the Court has resolved the question of jurisdiction over the person of defendant in a fashion intended to bind the parties*; NOW THEREFORE,

"IT IS HEREBY ORDERED AND ADJUDGED that judgment is entered in favor of defendant CigTec Tobacco LLC and against the State of Oregon, *dismissing this action without prejudice*. Defendant may request any costs or fees to which defendant believes it is entitled."

(Emphasis added.)

 Plaintiff argues that the judgment itself is inconsistent with the preceding recital because, if the judgment is truly without prejudice, it cannot bind the parties on the issue of personal jurisdiction or on any other matter. Plaintiff is correct.

"Abortive litigation ending in a voluntary nonsuit[2] may provide an adversary with evidence, in the form of inconsistent pleadings or testimony, but the voluntary nonsuit decides nothing except that the adversary has temporarily quit the field. Since a judgment of nonsuit does not reach the merits, such a judgment does not establish collateral estoppel on any issue in the case."

*Fleming v. Wineberg*, 253 Or 472, 477, 455 P2d 600 (1969). The doctrines of law of the case and claim preclusion also do not apply to a voluntary dismissal without prejudice because all that such a judgment decides is that nothing has been adjudicated. *See Huszar v. Certified Realty Co.*, 272 Or 517, 523, 538 P2d 57 (1975) (discussing voluntary nonsuit).

Under ORCP 54 A(1), once plaintiff filed its notice of dismissal, the trial court's only authorized option was to

---

[2] A voluntary nonsuit under *former* ORS 18.230 (repealed by Or Laws 1979, ch 284, § 199) was the procedural predecessor to dismissal without prejudice under ORCP 54 A(1). *See Palmquist v. FLIR Systems, Inc.*, 189 Or App 552, 558, 77 P3d 637 (2003), *rev den*, 336 Or 376 (2004).

enter a judgment of dismissal without prejudice. That rule provides:

> "Subject to the provisions of Rule 32 D and of any statute of this state, an action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal with the court and serving such notice on the defendant not less than five days prior to the day of trial if no counterclaim has been pleaded, or (b) by filing a stipulation of dismissal signed by all adverse parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action against the same parties on or including the same claim unless the court directs that the dismissal shall be without prejudice. Upon notice of dismissal or stipulation under this subsection, the court shall enter a judgment of dismissal."

This case is not a class action under ORCP 32, and no other statute affects the nature of the judgment. When plaintiff filed its notice of dismissal, it had not previously dismissed an action against defendant on the same claim, and defendant had not filed a counterclaim. In addition, there was no trial date set, so the notice necessarily came more than five days before the trial date. As we have previously held, the rule does not authorize the court to impose conditions that limit its duty to enter a judgment of dismissal without prejudice upon receiving a notice of dismissal under ORCP 54 A(1). *See Palmquist v. FLIR Systems, Inc.*, 189 Or App 552, 77 P3d 637 (2003), *rev den*, 336 Or 376 (2004) (court required to enter judgment of dismissal without prejudice when plaintiff filed notice of dismissal after court granted defendant's motion for summary judgment); *Maxwell v. Stebbins (A108022)*, 180 Or App 48, 42 P3d 336 (2002) (court required to enter judgment of dismissal without prejudice when plaintiff filed notice of dismissal one day before hearing on defendant's motions under ORCP 21); *Guerin v. Beamer*, 163 Or App 172, 986 P2d 1241 (1999) (court required to enter judgment of dismissal without prejudice when plaintiff filed notice of dismissal on day of oral argument on defendant's

motion for summary judgment). Nothing in this case distinguishes it from those cases insofar as the nature of the judgment that the rule required the court to enter is concerned.

The recital in the judgment that the court has resolved the issue of personal jurisdiction over the parties is inconsistent with the nature of the judgment that the rule required the trial court to enter. The recital could harm plaintiff if it files a future action, at least to the extent of requiring plaintiff to convince a trial court that the recital has no legal efficacy. It is at best legally meaningless and at worst wrong; there is no conceivable benefit to its remaining in the judgment.

Reversed and remanded with instructions to enter judgment of dismissal without prejudice that does not contain the third recital in the present judgment.