Submitted December 6, 2013, reversed and remanded April 16, 2014

Maricela RAMIREZ,
*Plaintiff-Appellant,*
*v.*

NORTHWEST RENAL CLINIC,
*Defendant-Respondent,*
*and*

RAYMOND PETRILLO, MD,
and Does 1 to 100,
*Defendants.*

Multnomah County Circuit Court
121012379; A154311

324 P3d 581

Maricela Ramirez filed the briefs *pro se.*

Ruth C. Rocker and Janet M. Schroer filed the brief for respondent.

Before Ortega, Presiding Judge, and Duncan, Judge, and DeVore, Judge.

DEVORE, J.

**DEVORE, J.**

Plaintiff brought this action against defendants Petrillo (physician) and Northwest Renal Clinic (clinic) alleging negligent care and discrimination in a place of public accommodation. Defendants moved for summary judgment, and, at hearing, the trial judge indicated the court would grant the motion. Before an order was filed or entered, plaintiff filed a notice of voluntary dismissal without prejudice pursuant to ORCP 54 A(1). Disregarding the notice, the court entered an order on summary judgment and a judgment dismissing the action with prejudice. Plaintiff appeals *pro se*. Among other things, she contends the trial court erred "in granting Defendant's Motion for Summary Judgment with prejudice." On this point alone, we reverse and remand.[1]

The procedural facts are not disputed. On October 2, 2012, plaintiff filed a complaint that alleged that in August 2010, the defendant physician conducted an examination, misdiagnosed her condition, provided her inadequate care, covered up her kidney failure, wrote defamatory statements in medical records, and discriminated against her on the basis of race and disability. Defendants contended that plaintiff did not serve them with summons and complaint until December 26, 2012, and that, because service was more than 60 days after plaintiff filed the complaint, the action could not be deemed to be commenced until actual service. ORS 12.020(2). Defendants filed a motion for summary judgment. They offered the physician's declaration that denied negligence, and they argued that the claims had not been filed within the time limited by the applicable statutes. Plaintiff did not file an opposing affidavit or declaration. She filed two *ex parte* motions to enlarge the time to oppose summary judgment. Both were denied. On April 4, 2013, at a hearing on defendants' motion, the judge pro tem seemed to concur that the claims were time-barred. He also told plaintiff, in the absence of an affidavit from an attorney or expert on her behalf, "I'm going to grant the motion for summary

---

[1] Our disposition obviates the need to consider plaintiff's assignment of error involving her belated attempts to enlarge the time in which to have filed a response to the motion for summary judgment.

judgment." The judge told defense counsel, "Submit the order to my office." As required, defendants first submitted the proposed forms of the order and judgment to plaintiff on April 8. Plaintiff filed a "Notice of Voluntary Dismissal Without Prejudice" on April 15, citing ORCP 54 A(1) and two decisions construing the rule. On that same day, the presiding judge entertained defendants' spoken objection "that plaintiff is trying to get around * * * the general judgment of dismissal with prejudice." The judge responded, "I'm not going to sign a voluntary dismissal when there is a pending order already out there." A week later, the court filed a summary judgment order and judgment of dismissal with prejudice. The documents were entered May 2, 2013.

On appeal, plaintiff asserts that her notice of dismissal entitles her to dismissal without prejudice notwithstanding an order of summary judgment awaiting signature, filing, and entry. The clinic questions whether plaintiff properly assigned error "to the trial court's ruling denying plaintiff's Notice of Voluntary Dismissal Without Prejudice." The clinic urges that, even if it was "technical error" to disregard plaintiff's dismissal notice, the error should be deemed harmless, since any claim to be refiled would surely be barred by statutes of limitation.

We review this application of ORCP 54 A(1) for legal error. *See, e.g., Guerin v. Beamer,* 163 Or App 172, 174, 986 P2d 1241 (1999). In relevant part, ORCP 54 A(1) provides:

> "[A] plaintiff may dismiss an action in its entirety or as to one or more defendants without order of court: (a) by filing a notice of dismissal with the court and serving such notice on all other parties not in default not less than five days prior to the day of trial if no counterclaim has been pleaded[.] Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice[.] Upon notice of dismissal or stipulation under this subsection, a party shall submit a form of judgment and the court shall enter a judgment of dismissal."

We read the rule as we would read a statute. *State v. Arnold,* 320 Or 111, 119, 879 P2d 1272 (1994); *Guerin,* 163 Or App at 174. Insofar as the rule uses the term "notice" as something given "without order of [the] court," the term "notice" refers to a unilateral announcement by plaintiff that she dismisses

the action in its entirety or as to one or more defendants. *See Webster's Third New Int'l Dictionary* 1544 (unabridged ed 2002) (defining "notice" as, among other things, "announcement"). A notice of voluntary dismissal is not a request or a motion. Ordinarily, it does not provide an opportunity for a hearing, and it presents nothing for the court to deny. As we have observed before, "Under ORCP 54 A(1), once plaintiff filed its notice of dismissal, the trial court's only authorized option was to enter a judgment of dismissal without prejudice." *State of Oregon v. Cig Tec Tobacco, LLC*, 200 Or App 501, 504-05, 115 P3d 978 (2005) (reversing a judgment of dismissal without prejudice because that judgment added a statement that a prior ruling on personal jurisdiction remained binding).

An understanding of the court's limited role upon receipt of a proper notice is the starting place for the answer to defendant's procedural objection to plaintiff's appeal. The clinic objects that plaintiff failed to properly assign error "to the trial court's ruling denying plaintiff's [n]otice," contending that plaintiff failed to "assign error to that ruling as required by ORAP 5.45(1)." It is true that the trial court entertained defendant's spoken objection and that the judge advised that she was "not going to sign a voluntary dismissal when there's a pending order already out there." There was, however, no notice for the court to sign and, strictly speaking, no "ruling" nor any order on plaintiff's notice or defendants' objection to which to assign error. The dispositive documents, signed a week later in disregard of plaintiff's notice, were the order on defendants' motion for summary judgment and the resulting general judgment. As composed, the judgment was with prejudice.[2] To those things, plaintiff did assign error. On appeal, "Plaintiff assign[ed] as error the [trial] court granting of Defendant's Motion to dismiss with prejudice." She posed as her question on appeal, "Did the trial court err in granting Defendant's Motion for Summary Judgment with prejudice?" In doing so, plaintiff adequately assigned error by identifying the legal, procedural, or other

---

[2] Although the general judgment did not say so expressly, its effect was to dismiss plaintiff's claims with prejudice. ORS 18.082(3) (claims for relief are dismissed with prejudice unless the judgment provides dismissal is without prejudice).

ruling that is being challenged. ORAP 5.45 (3) ("Each assignment of error shall identify precisely the legal, procedural, factual, or other ruling that is being challenged.").

On the merits, we agree that plaintiff was entitled to voluntary dismissal without prejudice. Assuming that certain conditions are satisfied, ORCP 54 A(1) allows a plaintiff to voluntarily dismiss an action without prejudice. The clinic does not dispute that plaintiff filed the notice more than five days before trial, that no counterclaim had been pleaded, that no class action matters under ORCP 32 D were implicated, and that plaintiff had not dismissed the action in an earlier adjudication. Given those circumstances, ORCP 54 A(1) directs that "the court shall enter a judgment of dismissal" without prejudice. Our case law reflects that a pending motion or even the imminent entry of an order on summary judgment does not prevent a plaintiff from exercising that option. In *Guerin*, we explained that "[t]he legislative history of ORCP 54 A(1) reflects a considered policy choice to permit a plaintiff to dismiss his or her action even though the defendant's summary judgment motion is pending." 163 Or App at 177-76 (footnote omitted); *see also Maxwell v. Stebbins (A108022)*, 180 Or App 48, 42 P3d 336 (2002) (court required to enter judgment of dismissal without prejudice when plaintiff filed notice of dismissal without prejudice one day before hearing on defendant's motions under ORCP 21). In *Palmquist v. FLIR Systems, Inc.*, 189 Or App 552, 558, 77 P3d 637 (2003), *rev den*, 586 Or 376 (2004), we extended that reasoning to situations where the order on summary judgment had been filed but not yet entered in the court register. Even then, a plaintiff may voluntarily dismiss the action. *Id.* We concluded, "[I]n enacting ORCP 54 A(1), the legislature rejected a rule that would have cut off the right to obtain a voluntary dismissal when the summary judgment 'has been filed.'" *Id.* Those cases control. In this case, an order of summary judgment had not yet been filed or entered in the record. Therefore, plaintiff was entitled to dismiss her action without prejudice. In disregarding a notice that complied with the conditions of ORCP 54 A(1), the court erred in granting summary judgment and entering a judgment that dismissed the action with prejudice. *See id.*

Nevertheless, the clinic proposes that any error was harmless, based on a loose reading of ORS 19.415(2). The statute provides "No judgment shall be reversed or modified except for error substantially affecting the rights of a party." In determining whether error is harmless, this court "examines whether it is likely that a trial court's error affected the outcome *of the case below.*" *Baker v. English*, 324 Or 585, 590, 932 P2d 57 (1997) (emphasis added). The frame of reference involves an evaluation of the error within the context of the proceedings below, not a prediction about potential proceedings in the future. In that context, "[t]he rights of an aggrieved party are substantially affected if the outcome either would have or may have been different had the error not occurred." *Id.* When a plaintiff is entitled to dismissal without prejudice, it is premature to conclude that, if ever refiled, an action might be barred by a statute of limitations. *Cf. Cig Tec Tobacco, LLC*, 200 Or App at 505 (error to add to a judgment of dismissal a statement that prior rulings on personal jurisdiction remain binding). It suffices to recognize that, with reference to the proceeding below, the trial court's error affected the outcome of that proceeding. Plaintiff's rights were substantially affected, because the nature of the judgment was different insofar as it would prevent plaintiff from refiling an action. The error was not harmless. Plaintiff was entitled to voluntarily dismiss her claims without prejudice under ORCP 54 A(1).

Reversed and remanded.