Submitted November 4, reversed and remanded December 21, 2016

A. J. BREDBERG,
*Plaintiff-Appellant,*

*v.*

Kathy VERBLE
and Janet Morlan,
*Defendants-Respondents.*

Linn County Circuit Court
101717; A160823

388 P3d 443

A. J. Bredberg filed the briefs *pro se.*

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Dustin Buehler, Assistant Attorney General, filed the brief for respondents.

Before Sercombe, Presiding Judge, and Flynn, Judge, and DeHoog, Judge.

## SERCOMBE, P. J.

Plaintiff appeals a judgment dismissing his third amended complaint, in which he brought claims against defendants for defamation, intentional interference with economic relations, false light, and intentional infliction of emotional distress. Plaintiff is a certified professional soil scientist and a member of the Soil Sciences Society of America (SSSA). He alleged that defendants, two employees of the Oregon Department of State Lands (DSL), made false statements about him to the SSSA that harmed his reputation and his business. After more than five years of litigation, defendants moved to dismiss the case for violation of court orders and lack of prosecution and to strike plaintiff's complaint and all of his pleadings as an alternative form of dismissal. The trial court granted the motion. Plaintiff argues that the trial court erred in granting defendants' motion because he had diligently pursued his claims and because the court failed to explain why a sanction short of dismissal was not sufficient. Defendants respond that the trial court acted within its discretion to dismiss the case because of plaintiff's long history of discovery violations and dilatory conduct. We conclude that the trial court abused its discretion in dismissing plaintiff's case and, accordingly, reverse and remand.

The factual and procedural history of the trial court proceedings is extensive and convoluted. We briefly summarize the facts relevant to this appeal. The dispute arose after plaintiff, a private soil scientist, and defendants, soil scientists working for DSL, came to different conclusions concerning a wetlands delineation for a property in Linn County. Plaintiff filed an ethics complaint with the SSSA against defendant Verble. In response, defendant Verble filed an ethics counterclaim against plaintiff with the SSSA, which was supported by an affidavit by defendant Morlan. On June 11, 2010, plaintiff filed an action against defendants, alleging that the counterclaim and the supporting affidavit in the ethics proceeding contained false and defamatory statements that harmed plaintiff's reputation, his business relationships, and caused him emotional distress. Thereafter, defendants sought and obtained discovery from plaintiff.

In September and October 2011, plaintiff cancelled the taking of a number of depositions and failed to appear for a medical examination under ORCP 44. In November 2011, the parties entered into a stipulated scheduling agreement, but plaintiff failed to comply with some of his obligations under that agreement. In particular, plaintiff failed to timely file his settlement demand and pay his electronic discovery fees.

Defendants filed a motion for summary judgment in October 2011. Shortly thereafter, plaintiff's counsel withdrew from representing plaintiff, and plaintiff requested and received several postponements to retain new counsel and to prepare his summary judgment response. After retaining new counsel, plaintiff filed a response to defendants' motion for summary judgment on November 8, 2013. The summary judgment hearing was delayed three more times, first on defendants' motion, and then twice on the court's own motion due to scheduling conflicts. The hearing was finally held on April 1, 2014, and the trial court denied defendants' motion for summary judgment in a June 24, 2014, order.

The proceedings, however, continued to move slowly. In December 2014, defendants filed a motion to dismiss for violation of court orders and lack of prosecution and to strike plaintiff's complaint and pleadings. At a March 23, 2015, hearing on defendants' motion and discovery issues related to damages, plaintiff's counsel represented that plaintiff had not been to the doctor in years. Plaintiff then testified that he had recently visited a podiatrist, proctologist, family physician, and an urgent care facility. The court ordered plaintiff to produce all outstanding discovery, including medical records, within 30 days, and it reserved ruling on defendants' motion to dismiss pending the production of that discovery.

On April 24, 2015, defendants filed a supplemental motion to dismiss, asserting that plaintiff had failed to comply with the discovery order. According to defendants, plaintiff had provided his medical records 31 days after the hearing, and he had failed to provide additional discovery, including important business and financial records relevant to damages. Moreover, the medical records revealed that

plaintiff had visited a chiropractor, and, on that basis, defendants contended that plaintiff had lied under oath by failing to testify about his chiropractic treatment when asked about his medical history at the March 23 hearing.

Plaintiff's attorney again withdrew from representation, due to medical issues, and plaintiff proceeded *pro se*. At a June 29, 2015, hearing on the motion to dismiss, trial readiness, and other motions, plaintiff argued that he had complied with the discovery order and had previously produced the financial and business records that defendants claimed were outstanding. He also stated that he was actively engaged in trial preparation and would be ready to proceed to trial on its scheduled date of September 28, 2015.

The court subsequently issued a letter opinion and an order granting defendants' motion to dismiss. In its order, the court found that defendants had suffered "severe prejudice in time and expense" as a result of several of plaintiff's actions. Specifically, plaintiff had failed to provide defendants with "complete discovery," including business and financial records relating to his claims, despite multiple orders to do so; failed to appear for a scheduled medical examination; and failed to comply with the November 2011 stipulated deadlines. The court noted that plaintiff had "obtained numerous postponements" to retain counsel. Finally, the court determined that plaintiff and his counsel had misrepresented the scope of plaintiff's medical records. The court concluded that plaintiff had "willfully violated multiple court orders and generally failed to prosecute this case." The court also found that no lesser sanction than dismissal would be sufficient to address the prejudice to defendants. The court therefore dismissed the case and, in the alternative, struck plaintiff's pleadings. Plaintiff filed objections to the trial court's order, but the court denied those objections and issued a judgment dismissing the case with prejudice.

On appeal, plaintiff contends that the trial court should not have dismissed for want of prosecution because he had actively litigated his case for several years. He further asserts that the trial court abused its discretion when it dismissed his case as a discovery sanction without explaining

why a lesser sanction would not be sufficient to address any prejudice to defendants.

We begin with the trial court's ruling on defendants' motion to dismiss for want of prosecution, which is dispositive. We review a trial court's decision to dismiss for want of prosecution for abuse of discretion, specifically whether the decision is "not justified by and clearly against the evidence and reason." *Hunt v. City of Eugene*, 249 Or App 410, 423, 278 P3d 70, *rev den*, 353 Or 103 (2012) (internal quotation marks omitted).

We conclude that the trial court abused its discretion in granting defendants' motion to dismiss for want of prosecution. Typically, a trial court will dismiss a case for want of prosecution after it has been allowed to lie dormant for an extended period of time. *See* ORCP 54 B(3) (providing procedures for dismissing a case "in which no action has been taken for one year"); *Horn v. Calif.-Ore. Power Co. et al*, 221 Or 328, 337, 351 P2d 80 (1960) (explaining that, although there is no set time period of inactivity that must pass before a court may exercise its discretion to dismiss for want of prosecution, parties "may regard the period of one year, prescribed in [*former* ORS 18.260, *repealed by* Or Laws 1979, ch 284, § 199[1]], as in the nature of a yard stick which helps to measure diligence or its lack"); *Hunt*, 249 Or App at 423-25 (concluding that the trial court abused its discretion by failing to dismiss for want of prosecution where the plaintiffs failed to take any action for six and a half years). Although plaintiff likely caused or contributed to much of the delay in this case—particularly when he was attempting to retain an attorney—the record shows that he actively litigated throughout the five-year period that it was pending, including successfully resisting defendants' motion for summary judgment. *See Lambert v. American Dream Homes Corp.*, 148 Or App 371, 376, 939 P2d 661 (1997) ("Merely because a case has suffered delays does not mean that there has been a failure to prosecute[.]").

Further, this case did not stall at an early stage of the proceedings, but instead passed, albeit slowly, through

---

[1] ORCP 54 replaced ORS 18.260. *Hunt*, 249 Or App at 424 n 8.

the summary judgment stage and the near completion of extensive discovery by both sides, up to the point where it was set and ready for trial. *Compare Downey v. Long*, 258 Or 197, 198-200, 482 P2d 162 (1971) (concluding that dismissal was appropriate where, after five years of delay, plaintiff filed her third amended complaint, which was "'essentially' the same as the first complaint"). Indeed, plaintiff told the court at the June 29, 2015, hearing that he was engaged in trial preparation and would be ready to proceed when trial began on September 28. The case had been prosecuted to the point where it was ready for trial. Accordingly, the court's decision to dismiss for want of prosecution in this case was not justified by, and was clearly against, evidence and reason.

Based on the trial court's order, it is unclear whether, absent its conclusion that plaintiff failed to prosecute his case, the trial court would nevertheless have dismissed plaintiff's case as a discovery sanction. Rather, the court cited both plaintiff's "willful violation of multiple court orders" and his "general[] fail[ure] to prosecute this case" as grounds for granting defendants' motion to dismiss. We therefore do not reach the issue of whether the trial court abused its discretion in dismissing this case solely as a discovery sanction. Instead, we remand for the trial court to consider whether to exercise its discretion to do so. On remand, in considering whether to impose that sanction, the trial court may consider plaintiff's contention that a lesser sanction would be more appropriate.

Reversed and remanded.