Submitted January 28, reversed and remanded for entry of judgment of dismissal without prejudice March 4, 2020

THE BANK OF NEW YORK MELLON,
fka The Bank of New York, as Trustee for
the Certificateholders of CWMBS, Inc., CHL Mortgage
Pass-Through Trust 2006-HYB4, Mortgage Pass
Through Certificates Series 2006-HYB4,
*Plaintiff-Appellant,*

*v.*

Linton Cecil LAYNE et al.,
*Defendants,*
*and*

Nancy Kay LAYNE;
and Mortgage Electronic Registration Systems, Inc.,
solely as nominee for Wilmington Trust National
Association, as Trustee to Citibank, N. A., as trustee
for Saco I Trust 2006-9, Mortgage Backed
Certificates Series 2006-9,
*Defendants-Respondents.*

Washington County Circuit Court
18CV08551; A170690

461 P3d 279

D. Charles Bailey, Jr., Judge.

Jeffrey A. Myers filed the brief for appellant.

No appearance for respondents.

Before DeVore, Presiding Judge, and DeHoog, Judge, and Mooney, Judge.

PER CURIAM

Reversed and remanded for entry of judgment of dismissal without prejudice.

## PER CURIAM

Plaintiff filed a complaint for judicial foreclosure of a deed of trust against a borrower and other related defendants. Plaintiff appeals a general judgment of dismissal that dismissed its complaint with prejudice after plaintiff and defendants Mortgage Electronic Registration Systems, Inc. (MERS) and Layne had stipulated to dismissing the case *without* prejudice.[1] Plaintiff filed notices of dismissal signed by counsel for MERS and by Layne and a proposed form of judgment, each of which specified that dismissal would be without prejudice. Plaintiff argues that the trial court committed legal error, when, contrary to the express wishes of the parties and contrary to the provisions of ORCP 54 A(1), the trial court changed the parties' stipulation from a dismissal without prejudice to a dismissal with prejudice by crossing out the word "without" and replacing it with the word "with" in the judgment of dismissal. We agree with plaintiff that the trial court erred.

ORCP 54 A(1) states, in part:

> "[A] plaintiff may dismiss an action in its entirety or as to one or more defendants without order of court *** by filing a stipulation of dismissal signed by all adverse parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, *the dismissal is without prejudice*, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action against the same parties on or including the same claim unless the court directs that the dismissal shall be without prejudice. Upon notice of dismissal or stipulation under this subsection, a party shall submit a form of judgment and the court shall enter a judgment of dismissal."

(Emphasis added.) Here, there was no assertion that plaintiff had previously dismissed an action against the same parties on or including the same claim—or any other reason to deviate from the rule's requirement that dismissal will be without prejudice. Accordingly, "[u]nder ORCP 54 A(1), once plaintiff filed its notice[s] of dismissal, the trial court's

---

[1] Neither defendant filed a brief on appeal.

only authorized option was to enter a judgment of dismissal without prejudice." *State of Oregon v. CigTec Tobacco, LLC*, 200 Or App 501, 504-05, 115 P3d 978 (2005).

Reversed and remanded for entry of judgment of dismissal without prejudice.