396 October 9, 2024 No. 712

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

RANDY ALLEN MOORE,
*Plaintiff-Appellant,*

*v.*

OREGON DEPARTMENT OF CORRECTIONS,
Ericka Sage, Rob Persson, Captain William King,
Lieutenant Cannon, and Sergeant J. Bennett,
*Defendants-Respondents,*

*and*

JANE DOE 1-10
and John Doe 1-10,
*Defendants.*

Malheur County Circuit Court
22CV44201; A181866

Lung S. Hung, Judge.

Argued and submitted September 12, 2024.

Randy A. Moore argued the cause and filed the briefs *pro se*.

Kirsten M. Naito, Assistant Attorney General, argued the cause for respondents. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Reversed and remanded as to dismissal of defendant Oregon Department of Corrections; otherwise affirmed.

**KAMINS, J.**

Plaintiff, an adult in the custody of the Oregon Department of Corrections (ODOC), appeals the trial court's dismissal of his claim brought against defendants—ODOC, individually named employees, and Jane and John Does—for lack of prosecution. Reviewing "for abuse of discretion, specifically whether the decision is not justified by and clearly against the evidence and reason," *Bredberg v. Verble*, 283 Or App 65, 69, 388 P3d 443 (2016) (internal quotation marks omitted), we reverse as to defendant ODOC and otherwise affirm.

Plaintiff filed suit in Multnomah County against ODOC and several of its employees alleging that they failed to protect him from sexual assault in prison. He moved the court for "substitute service," requesting that the court order the Multnomah County Sheriff's Office to serve ODOC. The trial court granted that motion and ordered the clerk to forward the complaint and summons to the sheriff's office so that it may "effect service" on ODOC. Plaintiff himself later effected mail service on ODOC and filed a proof of service with the court. ODOC appeared in the action, successfully moving to change venue to Malheur County.

Before the action was transferred to Malheur County, the Multnomah County Circuit Court sent plaintiff a letter titled "Notice of Intent to Dismiss" (April notice) advising:

> "You have not provided the court with proof of service for at least one defendant in this case.

> "These defendants are considered unserved:"

The April notice did not identify the unserved defendants despite the colon suggesting otherwise. The April notice further informed plaintiff that his "claim against any unserved defendants will be dismissed for want of prosecution" unless plaintiff filed proof of service or the unserved defendants appeared in court within 28 days of the notice. Apparently assuming that the April notice applied to all named defendants, the Malheur County Circuit Court entered a general judgment of dismissal shortly after the case was transferred, observing that plaintiff "was advised that further

action must be taken or the matter would be dismissed for lack of prosecution, and no further action [was] taken."

The trial court abused its discretion in dismissing plaintiff's claim against ODOC. The April notice that formed the basis of the dismissal—advising plaintiff that unless he served the unserved defendants or those defendants appeared, claims against them would be dismissed—did not apply to ODOC. Indeed, plaintiff *had* served ODOC and ODOC *had* appeared. Given that the April notice did not apply to ODOC, plaintiff reasonably did not take additional action as to ODOC in response to that notice. Plaintiff did not, however, serve the other named defendants, nor did they appear in the action, and the trial court therefore correctly dismissed the action as to those defendants.

ODOC acknowledges that the "court correctly dismissed plaintiff's complaint as to all defendants except ODOC." Nevertheless, ODOC contends that we should not correct any error for three reasons: First, ODOC asserts that plaintiff's failure to respond to the April notice renders the current argument unpreserved. However, as explained above and as ODOC appears to acknowledge, the April notice did not apply to plaintiff's claim against ODOC; rather, it only applied to the claim against "unserved" defendants who had not appeared in the case. Plaintiff was not required to respond to a notice that did not apply to ODOC to preserve an argument against ODOC on appeal.

Second, ODOC argues that plaintiff fails to meaningfully develop his argument on appeal. We disagree. As we understand it, plaintiff argues that his claim was erroneously dismissed because, despite the fact that he sent ODOC the complaint, filed proof of service in court, and complied with the requirements of the Multnomah County Circuit Court, the Malheur County Court "refused to look thru the case to find the documents that pertained" to the April notice of intent to dismiss. That argument—that plaintiff's claim was mistakenly dismissed based on the court's misunderstanding of the April notice—is straightforward and requires no further development.

Finally, ODOC's argument that the error is harmless also fails; the error resulted in the dismissal of the

entire case. ODOC contends that the fact that the claim against ODOC was dismissed "without prejudice" renders any error harmless, because plaintiff may refile his claim, and the trial court is likely to waive fees, so he probably will not incur additional costs. And, ODOC contends, if plaintiff moves quickly enough, he can avoid any statute of limitations problems. *See* ORS 12.220(1), (2) (allowing the refiling of a complaint within 180 days of a dismissal for lack of service if a defendant had actual notice of the claim). However, accepting that argument would stretch the doctrine of harmless error beyond reason. The harmless error analysis focuses on whether the "error affected the outcome *of the case below*," not hypothetical events outside the case. *Ramirez v. Northwest Renal Clinic*, 262 Or App 317, 322, 324 P3d 581 (2014) (emphasis in original; internal marks omitted). ODOC does not argue that the dismissal was harmless as to plaintiff's case; indeed, it acknowledges it was fatal. Rather, ODOC argues that the error is "harmless" because plaintiff could simply file a new case. ODOC provides no legal authority to support such a doctrinal extension.

At oral argument, ODOC contended that plaintiff could "easily" refile his case, because he successfully filed documents in the case below. But that plaintiff, a self-represented adult in custody, managed to navigate the legal system despite the limitations of his circumstance, does not justify upholding an erroneous judgment dismissing his case. Plaintiff does not have to refile a claim that should not have been dismissed in the first place. *See id*. (Harmless error analysis "involves an evaluation of the error within the context of the proceedings below, not a prediction about potential proceedings in the future.").

Reversed and remanded as to dismissal of defendant Oregon Department of Corrections; otherwise affirmed.