IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

HIDDEN COURT LLC,                        )
                                         )
            Plaintiff,                   )     TC-MD 150235N
                                         )
      v.                                 )
                                         )
MULTNOMAH COUNTY ASSESSOR,               )
                                         )
            Defendant.                   )     **FINAL DECISION OF DISMISSAL**

This Final Decision incorporates without change the court's Decision, entered July 15, 2015. The court did not receive a statement of costs and disbursements within 14 days after its Decision was entered. *See* TCR-MD 16 C(1).

This matter is before the court on Plaintiff's motion to withdraw, filed July 13, 2015, by Plaintiff's representative, William S. Phinney, stating that Plaintiff no longer wishes to pursue this appeal. Plaintiff's Complaint, filed April 10, 2015, appealed an order of the board of property tax appeals sustaining the subject property's 2014-15 tax roll real market value of $2,809,860. (Compl at 2.) Defendant's Answer to Plaintiff's Complaint and Counterclaim (Answer), filed May 18, 2015, stated that the real market value assigned to the property was understated and requested "a judgment * * * declaring that the real market value of [the subject] property [for the 2014-15 tax year] was $3.55 million." (Def's Answer at 2.)

The court issues a judgment of dismissal in response to a plaintiff's motion to withdraw, "[u]nless a counterclaim has been asserted in the pleadings[.]" Tax Court Rule – Magistrate Division (TCR MD) 20 A. Because Defendant's Answer asserts a counterclaim, further discussion is appropriate here.

/ / /

In *Village at Main Street Phase II, LLC v. Department of Revenue*, 22 OTR 52, 56 (2015), the court held that defendants may not circumvent the statutory appeal process by filing counterclaims. Defendants that are aggrieved by magistrates' decisions are required by ORS 305.501(5)(a) to file their own complaints. *Village at Main*, 22 OTR at 57. The court noted that ORS 305.560(1)(a), governing appeals to the Magistrate Division, also "requires an appeal to be accomplished with the filing of a complaint." *Village at Main,* 22 OTR 57.

The same logic this court applied with respect to appeals to the Regular Division under ORS 305.570 also applies with respect to appeals to the Magistrate Division under ORS 305.275. A county assessor must be aggrieved by an order of a board of property tax appeals to appeal it to the Magistrate Division, just as it must be aggrieved by a magistrate's decision to appeal it to the Regular Division. *Compare* ORS 305.275(4) ("[a] county assessor who is aggrieved by an order of the county board of property tax appeals may appeal") *with* ORS 305.570 ("[a]ny person, including a county assessor or county tax collector aggrieved by and affected by a written decision of a tax court magistrate * * * may appeal"). To appeal to the Magistrate Division, a county assessor aggrieved by a board order must file a complaint and may not raise the issue in a counterclaim. *See* ORS 305.560(1)(a); *Village at Main*, 55 OTR at 57.

Defendant may not circumvent the requirements of ORS 305.560(1)(a) by bringing its appeal through a counterclaim, but must instead file its own appeal. *Village at Main*, 55 OTR at 57. Because Defendant is statutorily required to bring an appeal by means of a complaint rather than a counterclaim, the request made in its Answer does not constitute a counterclaim asserted in the pleadings under TCR-MD 20. Now, therefore,

///

///

IT IS THE DECISION OF THIS COURT that this matter be dismissed.

Dated this ___ day of August 2015.


_____
ALLISON R. BOOMER
MAGISTRATE

*If you want to appeal this Final Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.  TCR-MD 19 B.*

*This document was filed and entered on August 3, 2015.*