Submitted January 2, reversed and remanded April 16, 2014

Jinny SOHN,
*Plaintiff-Appellant,*

*v.*

Lam Thanh Thuy THI,
*Defendant-Respondent.*

Multnomah County Circuit Court
110303767; A151043

325 P3d 57

Willard E. Merkel filed the brief for appellant.

No appearance for respondent.

Before Ortega, Presiding Judge, and Duncan, Judge, and DeVore, Judge.

DEVORE, J.

## DEVORE, J.

Faced with a contest between defendant's motion for summary judgment, seeking dismissal with prejudice, and plaintiff's notice of voluntary dismissal without prejudice, the trial court entered an order that purported to grant both. The court followed with a judgment that dismissed plaintiff's case with prejudice. Plaintiff appeals and assigns error to the court's dismissal with prejudice.[1] We reverse and remand.

Although the procedural course of this case is not simple, the procedural facts are not disputed, and the resolution is not complicated. Plaintiff had filed an earlier action for personal injury arising from a chemical hair treatment at a beauty salon. The prior action named as defendant another person, Cua Nguyen, who had appeared as the salon's owner in the records of the Oregon Corporation Division. The prior action was dismissed. This action was filed alleging the same injury but alleging instead that defendant Lam operated the salon and was negligent in applying the hair treatment. Plaintiff took a default against defendant. Disputing service of summons, defendant prompted the court to set aside the default order and judgment. Defendant continued to dispute service of summons when she filed a motion for summary judgment and added that she had not been served within the two-year period prescribed by ORS 12.110(1). Defendant sought dismissal with prejudice.

A week before the hearing on the motion for summary judgment and about three weeks before trial, plaintiff filed a notice of voluntary dismissal pursuant to ORCP 54 A(1). At the hearing on defendant's motion, plaintiff argued, in effect, that her notice of dismissal upstaged consideration of summary judgment. She said that her notice "ends the matter" and that there was not "anything to hear today." Plaintiff explained that she intended to refile the action under the "savings statute," ORS 12.220. Defendant rejoined that, notwithstanding the part of ORCP 54 A allowing dismissal without prejudice, another part of the rule provides that the court may dismiss with prejudice if the

---

[1] A similar issue is presented in another case decided this date, *Ramirez v. Northwest Renal Clinic*, 262 Or App 317, 324 P3d 581 (2014).

claim has been previously filed. The trial court agreed that defendant was entitled to dismissal with prejudice. Treating plaintiff's notice of dismissal as a request, the court entered an order granting defendant's motion and "granting" plaintiff's notice. The court's judgment dismissed the case with prejudice.

On appeal, plaintiff contends that the trial court erred in construing ORCP 54 A(1). In relevant part, ORCP 54 A(1) provides:

> "[A] plaintiff may dismiss an action in its entirety or as to one or more defendants without order of court: (a) by filing a notice of dismissal with the court and serving such notice on all other parties not in default not less than five days prior to the day of trial if no counterclaim has been pleaded[.] Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action against the same parties on or including the same claim unless the court directs that the dismissal shall be without prejudice. Upon notice of dismissal or stipulation under this subsection, a party shall submit a form of judgment and the court shall enter a judgment of dismissal."

We read this rule of civil procedure as we would read a statute. *State v. Arnold*, 320 Or 111, 119, 879 P2d 1272 (1994); *Guerin v. Beamer*, 163 Or App 172, 174, 986 P2d 1241 (1999). Its plain text provides that, when a defendant has pleaded no counterclaim and trial is five days or more away, a plaintiff may file a notice that serves to dismiss plaintiff's action. The term "notice" does not denote a request or a motion. Rather, notice of dismissal precipitates a judgment of dismissal, and ordinarily that "dismissal is without prejudice" to refiling the action. When considering the rule, this court has observed, "The legislative history of ORCP 54 A(1) reflects a considered policy choice to permit a plaintiff to dismiss his or her action even though the defendant's summary judgment motion is pending." *Guerin*, 163 Or App at 177 (footnote omitted); *see also Palmquist v. FLIR Systems, Inc.*, 189 Or App 552, 558, 77 P3d 637 (2003), *rev den*, 336 Or 376 (2004) (notice of dismissal avoiding summary judgment);

*Maxwell v. Stebbins (A108022),* 180 Or App 48, 53, 42 P3d 336 (2002) (allowing dismissal under ORCP 54 A(1) despite pending motions under ORCP 14 and ORCP 21).

The exception within ORCP 54 A(1) provides that, unless the court directs otherwise, dismissal is to be with prejudice if the plaintiff has once dismissed an action "against the *same* parties *on* or including the same claim." (Emphasis added.) In order for the exception to apply, the court must find two circumstances to be true: (1) This action and a prior action must involve the same defendant; and (2) the past and present actions must be "on or including" the same claim. It is not enough to conclude that this claim for personal injury involved the same allegations of fault and personal injury. The defendant in the prior case and present case must also be the same. The prior action was not against current defendant Lam. Because the present case is not "against the same parties," this was not an occasion in which the trial court had the discretion to consider whether dismissal would be with or without prejudice. Absent a counterclaim and with five days or more remaining before trial, plaintiff was entitled to dismissal without prejudice. The trial court erred in granting defendant's motion for summary judgment and dismissing with prejudice.

Reversed and remanded.