52          April 20, 2015          No. 8

IN THE OREGON TAX COURT
REGULAR DIVISION

VILLAGE AT MAIN STREET PHASE II, LLC,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*
*and*

CLACKAMAS COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5054)

VILLAGE AT MAIN STREET PHASE III, LLC,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*
*and*

CLACKAMAS COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5055)

VILLAGE RESIDENTIAL, LLC,
*Plaintiff,*

*v.*

DEPARTMENT OF REVENUE,
*Defendant,*
*and*

CLACKAMAS COUNTY ASSESSOR,
*Defendant-Intervenor.*

(TC 5056-7)

These cases were appealed to the Oregon Supreme Court and remanded to the Tax Court for further proceedings. Subsequent to the entry of the Supreme Court's appellate judgment remanding the case to the Tax Court, Plaintiff (taxpayer) filed a notice of voluntary dismissal, and the Tax Court filed a General Judgment of Dismissal dismissing the case. Defendant Department of Revenue (the department) and Defendant-Intervenor Clackamas County Assessor (the county) submitted motions for relief from judgment, requesting that the Tax

Court vacate its judgment and allow Defendant-Intervenor to amend its answer, assert a counterclaim, and continue litigation of the case on remand. Defendants argued that the complaints of Plaintiffs could not be dismissed because at the time of the filing of the notices of dismissal, counterclaims in each case had, in the words of the court's rule, "been pleaded" and that the mere filing of a motion for leave to amend was the filing of the amended pleading. Denying Defendants' motions, the court ruled that the statutes do not permit a party who disagrees with a magistrate decision to raise that disagreement by counterclaim, and further that it is settled law that when a Plaintiff's notice of dismissal is filed, the court has no choice but to dismiss the case.

Oral argument on Defendant and Defendant-Intervenor's motions for relief from judgment was held by telephone on April 16, 2015.

Donald H. Grim, Greene & Markley PC, Portland, filed a response and argued the cause for Plaintiffs (taxpayer).

Daniel Paul, Assistant Attorney General, Department of Justice, Salem, filed the motion for Defendant Department of Revenue (the department), and Melisse S. Cunningham, Senior Assistant Attorney General, Department of Justice, Salem, argued the cause for the department.

Kathleen J. Rastetter, Clackamas County Counsel, Oregon City, filed the motion and argued the cause for Defendant-Intervenor Clackamas County Assessor (the county).

Decision for Plaintiff rendered April 20, 2015.

## HENRY C. BREITHAUPT, Judge.

### I.   INTRODUCTION

This matter is before the court on the motions of Defendant Department of Revenue (the department) and Defendant-Intervenor Clackamas County Assessor (together and individually, except as otherwise noted, "Defendants") for relief from the second judgment of this court in these cases. In addition the arguments of the parties about one of the bases of Defendants' motions—those claiming the initial answers contained counterclaims—were only fully completed a short time ago. A full consideration of how those arguments fit into the existing statutory scheme as to appeals to the Regular Division of the court was not the subject of any significant briefing or hearing. The court has nonetheless attempted to coordinate the arguments of the

parties with the statutory scheme. This attempt is done within a time requested by Defendants in order to have a decision before certain appeal times expire. A description of the procedural history of this case follows.

## II.   PROCEDURAL HISTORY

### A.   *The First Judgment of This Court*

The first judgment of this court in these cases was a limited judgment entered after issuance of an order denying the motion of Defendants for leave to file an amended answer. In the answers initially filed by Defendants in response to the complaints of Plaintiffs, Defendants had not sought a determination of values as allowed by ORS 305.287. The form of proposed amended answer that was the subject of that motion would have asked the court for a determination of value in the tax accounts in accordance with ORS 305.287. This court concluded that ORS 305.287 did not apply in the case of the appeals made by Plaintiffs in these cases. This court denied the motions to amend and entered its limited judgment.

### B.   *The Appeal to the Supreme Court*

Defendants appealed the first, and limited, judgment to the Supreme Court. That court concluded that ORS 305.287 did apply to the proceedings in this court as a result of the appeals by Plaintiffs in these cases. *Village at Main Street Phase II v. Dept. of Rev.*, 356 Or 164 (2014) (hereafter *Village at Main Street).* The court stated: "The limited judgments of the Tax Court are reversed, and the cases are remanded to the Tax Court for further proceedings."

### C.   *Plaintiffs' Notice of Dismissal*

The decision of the Supreme Court was issued September, 18, 2014. On the same day, Plaintiffs filed with the court notices of dismissal of their cases. Subsequently Defendants filed documents opposing the notices of dismissal.

### D.   *Dismissal of Cases and Second Judgment*

Until the issuance of the Appellate Judgment of the Supreme Court, this court did not believe it had jurisdiction to take any action in response to the notices of dismissal filed by Plaintiffs.

Upon issuance of the Appellate Judgment on March 18, 2015, this court entered its second judgment in this case on March 19, 2015. That judgment dismissed the complaints, and hence the appeals, of Plaintiffs. This action was taken on the basis of Tax Court Rule (TCR) 54 A(1).

### E.   *Motions for Relief from Judgment*

Defendants filed the pending motions for relief pursuant to TCR 71. Oppositions to the motions were filed by Plaintiffs and an expedited hearing on the matter was held on April 16, 2015. Supplemental briefing was received by the court on April 17, 2015.

### 1.   *Substantive position of defendants*

Defendants argue that the complaints of Plaintiffs may not be dismissed from this case because at the time of the filing of the notices of dismissal on September 18, 2014, counterclaims in each case had, in the words of the rule, "been pleaded." That position is in turn supported by two alternative arguments of Defendants.

### 2.   *Defendants' first argument: Initial answers had counterclaims*

Defendants first argue that the answers originally filed by them in this matter in fact contained counterclaims and therefore dismissal is not allowed under TCR 54.

Here it is important to distinguish between any claim of Defendants as to the value of improvements in the tax accounts at issue and any claim of Defendants for a determination of the value in the land in the tax accounts at issue.

After the decision of the magistrate who heard these cases and entered written decisions as to the values of improvements, only Plaintiffs took appeals by filing complaints in the Regular Division. In the initial answers filed in these cases, the department's answer addressed only improvement values and simply asked for the magistrate decisions to be upheld. Clackamas County Assessor's answer addressed only the improvement values. The position taken by Clackamas County was as follows:

Case TC 5054:    Request to sustain decision of magistrate;

Case TC 5055:    Value requested above that in decision of magistrate;

Case TC 5056:    Value requested above that in decision of magistrate; and

Case TC 5057:    Value requested above that in decision of magistrate.

The parties have engaged in some debate as to whether the values requested by Defendants were above the roll values for the improvements. The roll value is not, however, a basis for determining important procedural matters in the Regular Division.

Under ORS 305.570, standing to appeal to the Regular Division exists only for a person, including a county assessor, aggrieved by a written decision of a magistrate. It does not depend upon the relationship of a requested value to the roll value of property.

Accordingly, the department had no standing to appeal to the Regular Division as it sought nothing different from the decision of the Magistrate Division. Clackamas County had no standing to appeal to the Regular Division with respect to the improvement values for case TC 5054. It sought only to the decision of the magistrate be sustained. A party requesting that a decision be sustained is not aggrieved by such decision.

For the other cases, it is the case that in its answers Clackamas County requested value findings that were above the levels found by the magistrate. The question then becomes whether Defendants are permitted by statute to raise such matters by counterclaim. The rules of the court contemplate counterclaims. However, the rules of the court cannot expand upon or alter the statutory requirements with respect to matters brought to the Regular Division.

ORS 305.570 provides who has standing to appeal to the Regular Division. It also provides that any such appeal must be one apart from ORS 305.275, which, as amended at the time of the creation of the Magistrate Division, deals

only with appeals to the Magistrate Division. Finally, it provides that the appeal must "be perfected in the manner provided in ORS 305.404 *to* 305.560." (Emphasis supplied.) Accordingly, ORS 305.560(1)(a), providing for appeals under ORS 305.275—that is to the Magistrate Division—cannot guide a litigant. The court notes that even if ORS 305.560(1)(a) were to be consulted, it requires an appeal to be accomplished with the filing of a complaint.

The guidance for appeals to the Regular Division on appeals from a written decision of a magistrate is found in ORS 305.501(5)(a). That statute states that a party dissatisfied with a Magistrate Division decision "may appeal the decision * * * by filing a complaint in the regular division of the tax court within 60 days after the date of entry of the written decision."

Accordingly, if Defendants felt themselves aggrieved by the written decision of the magistrate, as they appear to have felt as to cases TC 5055, TC 5056, and TC 5057, they were statutorily required to raise the matter by filing a complaint within a specific time line and serve that complaint as required by ORS 305.560(3).

Whatever may have been, up to this time, the practice of litigants in the court, the statutes do not permit a party who disagrees with a magistrate decision to raise that disagreement by counterclaim. Where both parties to the magistrate proceeding disagree with the decision of the magistrate, two complaints appear to be statutorily required. Each complaint is required to be filed within the time lines set forth in ORS 305.501(6).

The court understands that the filing of two complaints, the second being in effect a "cross-appeal" may appear awkward. It might well be that each party to the proceeding before the magistrate would consider an appeal only if its opponent appealed. If the opponent defers filing a complaint until the date on which the filing is required, such a party would have little or no way to respond to such a filing. In appeals from judgments in other courts the timing for cross-appeals is adjusted so that the cross-appellant is afforded some time after an appeal is filed. *See* ORS 19.255(3) (allowing at least 10 days after the notice of an

appeal for filing of a notice of cross-appeal). That procedural solution is not available under the statutes governing the tax court.

In conclusion, Clackamas County as to case TC 5054, and the department as to all cases, had no standing to make a claim or counterclaim in respect of the written decision of the magistrate with respect to the value of improvements. Defendants did not disagree with the decision of the magistrate in that regard.

As to the other cases in this proceeding, if Clackamas County was dissatisfied with the decision of the magistrate, as it appears it was in respect of the value of improvements, they had standing to appeal. But any claim had to be made by filing a complaint within 60 days of the date of entry of the magistrate decision. And the complaint had to be served in accordance with ORS 305.560(3) and ORS 305.415. This did not occur.

The court notes that a parallel situation was present in *Bear Creek Plaza v. Dept. of Rev.*, 12 OTR 272 (1992). Although decided under the statutory scheme that existed before creation of the Magistrate Division, *Bear Creek* is instructive. There the board of equalization, the predecessor to the current Board of Property Tax Appeals had, relative to the roll value set by the assessor, increased the value of some accounts and decreased the value of other accounts. The assessor did not take an appeal as to the accounts where value had been reduced, even though such an appeal was then, and is today, authorized by ORS 305.275. The appeal not taken was to the Department of Revenue; today it is to the Magistrate Division.

Concerned about his initial decision not to appeal certain accounts, the assessor attempted to "cross-appeal" in respect of the taxpayer's appeal of the board decision to increase the value in certain accounts. This court held that the statutes did not contemplate a cross-appeal. Rather the statutes then, as is true now in ORS 305.275, ORS 305.501 (5)(a), and ORS 305.570, required an appeal to be filed within a set time frame. This court concluded that, because the assessor did not timely follow the statutory process, the

body in which the "cross-appeal" had been filed was without jurisdiction to consider the matters raised by the assessor.

The Supreme Court has very recently had occasion to address the decision in *Bear Creek*. In *Willamette Estates II, LLC v. Dept. of Rev.*, 357 Or 113 (2015), the court considered the decision in *Bear Creek*. It did not question the conclusion reached by this court in that case with respect to the absence of the ability of an assessor to "cross-appeal." Rather it noted that this court in *Bear Creek* had not addressed the question, at the center of the *Willamette Estates* case but not present here, of whether the Department of Revenue could reach such matters by way of its jurisdiction under ORS 306.115.

In this case, under ORS 305.501(5)(a) and ORS 305.570, a timely complaint was not filed and served by Defendants. Like the assessor in *Bear Creek*, they cannot now assert that they brought a matter properly before the court. That being the case, they cannot argue that they took an action that would frustrate the ability of Plaintiffs to dismiss their appeals under TCR 54A(1).

3.   *Defendants' second argument: Motion for leave is pleading of counterclaim*

ORS 305.287, applicable to these proceedings under the decision of the Supreme Court, permits Defendants to "seek a determination" of the value of land in the tax accounts involved in these cases. Under the decision of the Supreme Court, that need not be something sought after it was denied by the magistrate in a written decision. The ORS 305.287 issue had been no part of the decision of the magistrate in her opinion in this case.

The relief provided by ORS 305.287 can be sought for the first time in the proceedings in the Regular Division. It cannot be denied under ORS 305.570 on the basis that it was not sought or given in the case in the Magistrate Division. Logically, it would appear it may be sought by a counterclaim or other request in an answer to the complaint that constitutes the "appeal" referred to in ORS 305.287. Here that appeal was made under ORS 305.501(5)(a).

But, of course, the relief provided under ORS 305.287 must be sought. And, it is in the nature of a claim against the appellant. It can be thought of as a counter-claim. At this point, the court does not pass on whether, in an initial answer, a defendant must denominate a request for relief under ORS 305.287 as a counterclaim or whether it could be sought in an initial pleading in some other fashion. The fact is that the *initial* answers of Defendants contained no form of request for relief based on ORS 305.287.

The court also does not need to consider whether a claim for ORS 305.287 relief, if pleaded, constitutes a bar to a plaintiff dismissing a case under TCR 54 A(1), although it appears it most probably would serve that function. Such a decision is not necessary in this case, because the pleading of Defendants for relief based on ORS 305.287 was not filed prior to the filing by Plaintiffs of the notices of dismissal.

The rules of this court, based largely on the provisions found in the Oregon Rules of Civil Procedure, contemplate amendments to pleadings. TCR 23 requires leave of the court except in circumstances that all parties agree do not exist here. Leave was required for Defendants to amend their answers and they sought such leave.

The question becomes when, under TCR 54 A(1), the answers of Defendants were amended? Rule 23 A contemplates that when leave is required and obtained, the amended pleading that was the subject of the motion for leave of the court must be *filed*. While TCR 23 C provides that claims in amended pleadings relate back, the rule does not purport to, and does not, determine when an amended pleading is *filed*.

Rather, TCR 23 D states that the amendment of a pleading is "done by *filing* a new pleading \*\*\*" (emphasis supplied). TCR 23 D(2)(a) requires that a motion for leave to amend must include, *as an exhibit*, the proposed amended pleading.

Here the motion of Defendant-Intervenor Clackamas County Assessor for leave to file an amended answer stated that it "files this motion." It did not say that it purported to file the amended complaint. Indeed, the motion referred

to the "proposed amended answers and counterclaim." The motion was supported by a declaration of counsel attached to which was an exhibit containing a true copy of the answer and counterclaim which the county "seeks to file."

TCR 15 B(2) provides that where, as here, an amendment to a pleading is allowed after a motion, "such pleading shall be filed within 10 days after service of the order, unless the order otherwise directs." An order on the motion for leave must come before the filing.

The argument made by Defendants in this motion would effectively render the provisions of TCR 15 B(2) meaningless. Defendants argue that the mere filing of a motion for leave to amend is the filing of the amended pleading, at least where the motion for leave to file is later granted. But, as already stated, there is no such "relation back" provision in the rules of this court applicable to the actual filing of an amended pleading, as opposed to the "relation back" of the claims in the pleading.

The arguments of Defendants are also inconsistent with what they said they were doing in requesting leave to file and the provisions of TCR 23.

In this case the Supreme Court did not purport to address, much less overrule or set aside, the rules of this court as to procedure on motions for leave to amend. Taking into account the reversal of the limited judgment of this court and the direction to conduct "further proceedings," this court, on completed remand to it, would have, but for the pending notice of dismissal filed with the court, issued an order granting the motion to amend. Following that, Defendants would have had to file the amended answer and counterclaim in order to have the benefit of the TCR 54 A(1) provision barring dismissal by notice of Plaintiffs.

However, the notice of dismissal *was* pending. The Supreme Court did not direct this court to ignore that pending notice. The law is settled that when such a notice is filed, the court has no choice but to dismiss the case. This court follows, in this respect, the decisions of other Oregon courts addressing ORCP 54, the provisions of which are substantially the same as TCR 54. *See* Preface to the Tax

Court Rules (so explaining). Dismissal is an entitlement of Plaintiff. Unless some other statute provides otherwise, the notice precipitates a judgment of dismissal. *Sohn v. Thi*, 262 Or App 313, 325 P3d 57 (2014); *State of Oregon v. CigTec Tobacco, LLC*, 200 Or App 501, 115 P3d 978 (2005); *Maxwell v. Stebbins (A108022)*, 180 Or App 48, 42 P3d 336 (2002).

Defendants do not identify any statute that would displace the rules of this court, authorized as they are by ORS 305.425(3). ORS 305.287, applicable to the appeal of Plaintiffs under the decision of the Supreme Court, does not purport to limit what may otherwise be the rights of the appealing party to dismiss an appeal. It only specifies that if an appeal is taken, the other party may request a certain determination of value. There is no suggestion that this creation of a basis for a request overrides the procedural rules in this court applicable to requests for relief.

Nor does this court consider this result unjust or somehow inequitable. Defendants could have avoided the need to seek amendment of their answers by pleading in their initial answers a request for the benefits of ORS 305.287. That statute was in effect at the time the answer was filed. As stated above, that request for a determination, in the view of the court, would have prevented Plaintiffs from then dismissing the cases. And, even if Plaintiffs had moved to strike such a request on the basis that ORS 305.287 did not apply to this proceeding, the limited judgment of this court, which would have accepted that argument, would have been reversed on appeal. The case would then have been remanded. The "further proceedings" following remand would then have had to address both the appeals of Plaintiffs and the determinations requested by Defendants and not properly stricken.

4.  *Request for fees*

Plaintiffs have requested an award of fees under ORS 20.105. Such an award under that statute can only occur when there is no objectively reasonable basis in fact or law supporting an opponent's position. Given the rather unique procedural posture of this case at the time of the notice of dismissal and the novelty of the legal issues regarding the procedures of this court, this court cannot conclude that the

arguments of Defendants were without a reasonable basis. The request of Plaintiffs for an award of fees is denied.

### III.   CONCLUSION

For the foregoing reasons the motions of Defendants for relief from judgment are denied. The request of Plaintiffs for an award of fees is denied. Now, therefore,

IT IS ORDERED that Defendants' motions for relief from judgment are denied; and

IT IS FURTHER ORDERED that Plaintiffs' request for fees is denied.