738 December 30, 2016 No. 81

IN THE SUPREME COURT OF THE
STATE OF OREGON

VILLAGE AT MAIN STREET PHASE II, LLC,
*Plaintiff-Respondent,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant-Appellant,*

*and*

CLACKAMAS COUNTY ASSESSOR,
*Intervenor-Appellant.*

(TC 5054; SC S063163 (Control))

VILLAGE AT MAIN STREET PHASE III, LLC,
*Plaintiff-Respondent,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant-Appellant,*

*and*

CLACKAMAS COUNTY ASSESSOR,
*Intervenor-Appellant.*

(TC 5055; SC S063164)

VILLAGE RESIDENTIAL, LLC,
*Plaintiff-Respondent,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant-Appellant,*

*and*

CLACKAMAS COUNTY ASSESSOR,
*Intervenor-Appellant.*

(TC 5056; SC S063165)

VILLAGE RESIDENTIAL, LLC,
*Plaintiff-Respondent,*

*v.*

DEPARTMENT OF REVENUE,
State of Oregon,
*Defendant-Appellant,*
*and*

CLACKAMAS COUNTY ASSESSOR,
*Intervenor-Appellant.*
(TC 5057; SC S063174)

En Banc

On appeal from Oregon Tax Court.*

Henry C. Breithaupt, Judge.

Argued and submitted May 10, 2016.

Jona J. Maukonen, Assistant Attorney General, Salem, argued the cause and filed the briefs for appellant Department of Revenue. Also on the briefs were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Kathleen J. Rastetter, Assistant County Counsel, Oregon City, argued the cause and filed the briefs for appellant Clackamas County Assessor. Also on the briefs was Stephen L. Madkour, Clackamas County Counsel.

Donald H. Grim, Greene & Markley, PC, Portland, argued the cause and filed the brief for respondents. Also on the brief was Ridgway K. Foley, Jr.

NAKAMOTO, J.

The order of the Tax Court in *Village at Main Street Phase II, LLC II v. Dept. of Rev.*, 22 OTR 52 (2015), is vacated. The general judgment of the Tax Court dismissing the cases is reversed. The cases are remanded to the Tax Court to enter the assessor's amended answers and for further proceedings.

_____
* 22 OTR 52 (2015).

**NAKAMOTO, J.**

These four consolidated property tax appeals return following remand to the Oregon Tax Court in *Village at Main Street Phase II v. Dept. of Rev.*, 356 Or 164, 339 P3d 428 (2014) (*Village I*). In *Village I*, this court addressed whether the Tax Court had erred by denying defendant-intervenor Clackamas County Assessor's (assessor) motion for leave to file amended answers on the ground that the answers contained impermissible counterclaims challenging the value of taxpayers' land. This court determined that the assessor should have been allowed to challenge the land valuations, and it reversed and remanded the cases to the Tax Court. *Id.* at 166, 185. Before the assessor filed amended answers, taxpayers served notices of voluntary dismissal of their cases pursuant to Tax Court Rule (TCR) 54 A(1).[1] The Tax Court then entered a judgment of dismissal, over the assessor's objection. The court denied the subsequent motions for relief from the judgment by defendant Department of Revenue (department) and the assessor.

Under TCR 54 A(1), a plaintiff may, without order of the court or consent of the other party, dismiss its appeal "if no counterclaim has been pleaded." The Tax Court concluded that *Village I* did not prohibit dismissal of the cases under TCR 54 A(1), because neither the assessor nor the department had filed counterclaims with the Tax Court. *Village at Main Street Phase II, LLC II v. Dept. of Rev.*, 22 OTR 52, 60-62, 2015 WL 1810580 (2015) (*Village II*). On appeal, we address whether, as defendants argue, the Tax Court erred by giving effect to taxpayers' notices of voluntary dismissal rather than to the decision in *Village I* concerning the assessor's counterclaims pending in the motions for leave to file amended answers. As explained below, we conclude that the Tax Court erred in dismissing the appeals given the decision and remand in *Village I*. Accordingly, we vacate the Tax Court's order denying defendants relief from the judgment, reverse the general judgment of dismissal, and remand for further proceedings.

_____

[1] All references to the Tax Court Rules, the Oregon Rules of Civil Procedure, and the Uniform Trial Court Rules are to the versions in effect in 2015.

## I.    BACKGROUND

To provide context for the discussion of these appeals, we first briefly review the property tax appeals process before the Tax Court before laying out the facts relevant to these appeals. Finally, we summarize the Tax Court's most recent ruling in these cases.[2]

A.    *Property Tax Appeals Before the Tax Court*

Under Oregon law, a taxpayer may challenge the assessor's valuation of its property by filing an appeal before the local board of property tax appeals (BOPTA). ORS 309.100(1). If either party is unhappy with the outcome of the BOPTA proceedings, an appeal is permitted to the Magistrate Division of the Tax Court. ORS 305.275; ORS 309.110(7). Within 60 days after the entry of a magistrate's written decision, either party may file an appeal with the Regular Division. ORS 305.501(5)(a).

Although characterized as an "appeal," the review by the Regular Division is *de novo*, with proceedings there conducted as "original" and "independent." ORS 305.425(1); *see also Reed v. Dept. of Rev.*, 310 Or 260, 265, 798 P2d 235 (1990) (stating that the court must "consider all properly admitted evidence and reach its own independent conclusions"). Unlike the Magistrate Division, the Regular Division is a court of record and follows formal rules of evidence. ORS 305.405(1); TCR Preface. The Regular Division has the powers and, generally speaking, follows the procedures of a circuit court. ORS 305.405(2)-(3); ORS 305.425(3).

The Tax Court Rules guide litigants before the Regular Division. Although the Oregon Rules of Civil Procedure (ORCP) do not apply to Tax Court proceedings, many of the TCRs mirror their ORCP counterparts. *See* ORS 305.425(3) ("hearings and proceedings" in the Regular Division "shall be in accordance with the rules of practice and procedure promulgated by the court, which shall conform,

---

[2] Although we refer to the last appeal as *Village I*, the parties were before this court two other times in these cases. *See Clackamas Cty Assessor v. Village at Main St. Phase II,* 349 Or 330, 245 P3d 81 (2010) (determining additional value added to rolls was undervaluation, not omitted property); *Clackamas Cty. Assessor v. Village at Main Street*, 352 Or 144, 282 P3d 814 (2012) (attorney fees).

as far as practical to the rules of equity practice and proce-
dure in this state"); *see also* TCR Preface (so stating).

B.  *Factual and Procedural History*

	The relevant facts are primarily procedural and
are undisputed. Taxpayers are three limited liability
companies—Village at Main Street Phase II, LLC, Village
at Main Street Phase III, LLC, and Village Residential,
LLC—that own real property located in Clackamas
County. By filing appeals with BOPTA, taxpayers chal-
lenged the real market value of only the improvements
on their real property, not the land, for tax years 2006-07
through 2008-09.

	After BOPTA affirmed the values of the improve-
ments set by the assessor, taxpayers appealed first to the
Magistrate Division and then to the Regular Division, where
their appeals were consolidated. In the Regular Division, the
department responded by filing answers, and, after success-
fully moving to intervene in all four cases, the assessor also
filed answers. The department denied the allegations form-
ing taxpayers' claims and asked the Tax Court to uphold the
assessments. However, in three of the four answers filed by
the assessor, the prayer for relief contained a request for an
increase in the values of the improvements over those deter-
mined by BOPTA or by the magistrate.

	Intending to seek a determination of the values of
the related land components, which the assessor also believed
were undervalued, the assessor sought a preliminary rul-
ing from the Tax Court as to whether a then-newly enacted
statute, ORS 305.287, would permit amended answers put-
ting the land values at issue in the taxpayers' appeals.[3] In
part, ORS 305.287 provides that, when one party appeals
"the real market value of one or more components of a prop-
erty tax account," then "any other party to the appeal may
seek a determination" of "the real market value of any or
all of the other components of the [tax] account." Taxpayers
responded with their own motion for a preliminary ruling
on whether ORS 305.287 applied.

---

	[3] All references to ORS 305.287 are to the 2011 version in effect when the
parties sought a preliminary ruling before the Tax Court.

The Tax Court obliged and addressed the issue. It concluded that ORS 305.287 applied only to appeals to the Magistrate Division and, therefore, that defendants could not use that statute to place the land values at issue for the first time before the Regular Division.

Nevertheless, within a few weeks, the assessor filed a motion for leave to amend its original answers, with appended proposed amended answers, and again asserted that ORS 305.287 applied to taxpayers' appeals. Those proposed answers contained counterclaims requesting determinations of the real market value of the entire property tax accounts, including the land components. The Tax Court denied the assessor's motion for leave to file amended answers and entered limited judgments stating that ORS 305.287 did not apply to the proceedings.

Defendants appealed the Tax Court's limited judgments, and this court reversed. The only issue before this court was "whether the Tax Court correctly concluded that ORS 305.287 does not apply to appeals to the Regular Division of the Tax Court." *Village I*, 356 Or at 166. We disagreed with the Tax Court, concluding that ORS 305.287 applies to appeals to the Regular Division and, more specifically, to these cases. *Id.* at 185. We stated the following in the final paragraphs of *Village I*:

> "[W]e conclude that ORS 305.287 applies to appeals filed after that statute's effective date. Because we have already determined that ORS 305.287 applies to appeals to the Regular Division, and because taxpayers appealed to the Regular Division after that statute became effective, ORS 305.287 applies to these appeals. The Tax Court erred in concluding otherwise.
>
> "The limited judgments of the Tax Court are reversed, and the cases are remanded to the Tax Court for further proceedings."

*Id.* at 185. Thus, this court reversed the Tax Court's denial of the assessor's motion for leave to amend its answers on the only basis that the Tax Court had for its denial.

On the same day that this court issued its opinion in *Village I*, and in anticipation of the remand permitting the

assessor to pursue its counterclaims concerning the value of the land components, taxpayers filed in the Tax Court's Regular Division a notice of voluntary dismissal of their property tax appeals pursuant to TCR 54 A(1). Although the assessor opposed the notice by filing an objection, once the appellate judgment in *Village I* was issued, the Tax Court entered a general judgment dismissing taxpayers' consolidated appeals.

Defendants promptly moved for relief from the general judgment, arguing that, at the time taxpayers had filed their notices of voluntary dismissal, counterclaims existed that would bar dismissal of the cases in their entirety. Defendants justified the requested relief with two separate theories: First, the assessor's original answers, which did not contain anything labeled a counterclaim, did in fact contain counterclaims. In the alternative, the assessor's motion for leave to file amended answers, coupled with this court's decision and remand in *Village I*, produced, in effect, "pleaded" counterclaims.

The Tax Court denied defendants' motions for relief from the judgment by order in *Village II*. The Tax Court addressed both of defendants' theories that counterclaims barred dismissal of the tax appeals. But because we resolve the appeal based only on defendants' argument that *Village I* required the Tax Court to give effect to the counterclaims within the amended answers that the assessor had sought leave to file, we describe the Tax Court's ruling addressing that argument in detail.[4]

The Tax Court first acknowledged that relief requested through ORS 305.287 "can be thought of as a

_____

[4] One reason that the Tax Court rejected defendants' first argument—concerning the assessor's original answers—was the court's conclusion that defendants could and should have challenged the magistrate's decision concerning the values of the improvements by filing their own complaints in the Regular Division in accordance with ORS 305.501(5)(a) (a party may appeal a magistrate's decision "by filing a complaint in the regular division of the tax court within 60 days after the date of entry of the written decision"). *Village II*, 22 OTR at 57. Because our decision rests on other grounds and we vacate the Tax Court's order in *Village II*, we need not and do not accept defendants' invitation to address the Tax Court's interpretation of that statute as set out in that order. If the matter of ORS 305.501(5)(a) should arise on remand, the parties will have an opportunity to litigate that issue fully.

counterclaim." *Village II*, 22 OTR at 60. In addition, the court agreed that, if correctly and timely pleaded, a counterclaim under that statute would "most probably" bar a dismissal under TCR 54 A(1). *Id*.

The Tax Court then reviewed TCR 23 and TCR 15 concerning amended pleadings. *Village II*, 22 OTR at 60-61. Under TCR 23, a party in the assessor's position must first seek and then receive leave to file an amended answer. *See* TCR 23 A ("a party may amend the pleading only by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires"); *see also* TCR 23 D(2)(a) ("whenever a motion for leave to amend a pleading is submitted to the court, it must include, as an attached exhibit to the affidavit, the entire text of the proposed amended pleading"). After obtaining leave, the party then must actually file the amended pleading. *See* TCR 23 D(1) (a pleading is amended "by filing a new pleading"). That ordinarily must be accomplished within 10 days after an order granting leave. *See* TCR 15 B(2) ("If the court grants a motion and an amended pleading is allowed or required, such pleading shall be filed within 10 days after service of the order, unless the order otherwise directs.").

Based on that review, the Tax Court concluded that a plaintiff's notice of dismissal under TCR 54 A(1) is barred if, and only if, a defendant has actually filed an amended answer containing counterclaims. *Village II*, 22 OTR at 60-62. And because the assessor had not actually filed amended answers, the court ruled that no "pleaded" counterclaims precluded taxpayers from serving effective notices of dismissal under TCR 54 A(1). *Id*. To conclude otherwise, the court reasoned, "would effectively render the provisions of TCR 15 B(2) meaningless." *Id*.

The Tax Court also considered this court's decision in *Village I*, but the court concluded that it "did not purport to address, much less override or set aside, the rules of [the Tax Court] as to procedure on motions for leave to amend." *Id*. The Tax Court therefore concluded that it had no choice but to dismiss the cases under settled law. *Id*. at 61-62 (citing *Maxwell v. Stebbins (A108022)*, 180 Or App 48, 42 P3d 336 (2002), and *Sohn v. Thi*, 262 Or App 313, 325 P3d 57 (2014)).

Defendants now appeal the order denying them relief from the judgment and the general judgment of dismissal.

## II.   ANALYSIS

On appeal, the issue is whether, in light of this court's decision in *Village I*, filed amended answers containing counterclaims were required to abrogate taxpayers' right to dismiss their property tax appeals under TCR 54 A(1). We review the Tax Court's dismissal of the appeals for legal error. *See* ORS 305.445 (Supreme Court will review for "errors or questions of law or lack of substantial evidence in the record"); *Hewlett-Packard Co. v. Benton County Assessor*, 357 Or 598, 609, 356 P3d 70 (2015) (stating that the interpretation of relevant statutes and rules is a legal issue).

Many of the Tax Court rules are modeled on portions of the Oregon Rules of Civil Procedure (ORCP), and, to "the extent that the wording of a TCR is the same as that of an ORCP, cases interpreting the ORCP may be looked to as authority for interpreting the TCR." TCR Preface. The rule at issue here, TCR 54 A(1), is identical in all relevant respects to ORCP 54 A(1):

> "Subject to the provisions of TCR 32 D and of any statute of this state, a plaintiff may dismiss an action in its entirety or as to one or more defendants without order of court: (a) by filing a notice of dismissal with the court and serving such notice on all other parties not in default not less than five days prior to the day of trial *if no counterclaim has been pleaded* \*\*\*. \*\*\* Upon notice of dismissal \*\*\*, a party shall submit a form of judgment and the court shall enter a judgment of dismissal."

TCR 54 A(1) (emphasis added).[5]

In construing the emphasized phrase in TCR 54 A(1), taxpayers and the Tax Court understand the term

_____

[5] ORCP 54 A(1) provides:

"Subject to the provisions of Rule 32 D and of any statute of this state, a plaintiff may dismiss an action in its entirety or as to one or more defendants without order of court: (a) by filing a notice of dismissal with the court and serving such notice on all other parties not in default not less than five days prior to the day of trial if no counterclaim has been pleaded \*\*\*. \*\*\* Upon notice of dismissal \*\*\*, a party shall submit a form of judgment and the court shall enter a judgment of dismissal."

"pleaded" to require the filing and service of an amended answer before the counterclaim in that answer may be deemed "pleaded." It is undisputed that the assessor had not actually filed amended answers containing counterclaims when this court issued its decision in *Village I* and when taxpayers served their notices of dismissal under TCR 54 A(1). Instead, as noted above, the assessor had only sought leave of the Tax Court to file amended answers and attached the proposed amended answers to its motions for leave to file them. TCR 23 D(2)(a).[6] Defendants, on the other hand, argue that the Tax Court's dismissal was inconsistent with this court's decision in *Village I* and that the Tax Court was obliged by the reversal and remand in *Village I* to allow the assessor's pending counterclaims to prevent dismissal. We conclude that the Tax Court should have given effect to our decision in *Village I*.

When an appellate court directs action on remand, the tribunal typically may determine how to accomplish the directed outcome if it does so within the boundaries set by the remand. *See Gearhart v. PUC*, 356 Or 216, 234-36, 356 P3d 216 (2014) (discussing the effect and scope of a general remand to an agency). That flexibility is constrained not only by the express order of the appellate court's remand, but also by its implied directive when considered in the context of the court's entire opinion. *See State v. Bowen*, 352 Or 109, 115, 282 P3d 807 (2012) (acknowledging ambiguity in express remand, but concluding that "[w]hen the relevant parts of the opinion are considered in their entirety *** [the] court's intention in ordering remand *** is clear"); *Ross v. Robinson*, 174 Or 25, 42, 45-46, 147 P2d 204 (1944) (explaining that the court's prior decision, which sustained a demurrer to the complaint and remanded for further proceedings not inconsistent with the decision, implied that the complaint had substance and that the trial court had authority to permit an amended complaint); *see also Sprague v. Ticonic Bank*, 307 US 161, 169, 59 S Ct 777, 83 L Ed 1184

---

[6] Although TCR 23 is substantially the same as ORCP 23, defendants correctly note that the Tax Court requirement to submit the proposed amended pleading with a motion for leave to amend is not present in ORCP 23. *See* TCR 23 D(2). However, UTCR 5.070, which applies to proceedings in Oregon circuit courts, similarly obligates litigants to attach the entire text of the proposed amended pleading to a motion for leave to amend. *See* UTCR 5.070.

(1939) (examining whether outcome was impliedly addressed by appellate court's decision and subsequent remand). The scope of remand is established by the appellate court's opinion in a particular case. *See Bowen*, 352 Or at 115-16 (examining the court's intention in ordering remand).

Although the Tax Court correctly observed that *Village I* made no statement about TCR 54 A(1) or the application of procedural rules on remand—which were not issues on appeal—the Tax Court's dismissal of the cases failed to implement this court's decision in *Village I*. In *Village I*, this court reversed the Tax Court's limited judgments denying the assessor leave to file amended answers and counterclaims. 356 Or at 173, 185. The court also remanded to the Tax Court for "further proceedings." *Id.* at 185. That general remand included an implied directive to enter the assessor's amended answers, because the court's opinion reversed the Tax Court's only basis for denying entry of the amended answers. In fact, the Tax Court noted in its order that, but for taxpayers' subsequent notice of dismissal, it would have allowed the amended answers upon return receipt of jurisdiction. *Village II*, 22 OTR at 61. Thus, we hold that our remand required the Tax Court to allow the pending amended answers to be entered before turning to taxpayers' subsequently filed notices of dismissal.

The case law concerning any application of TCR 54 A(1) is sparse, and no prior Oregon case addresses how that rule or ORCP 54 A(1) operates when, after this court reverses the denial of a party's motion for leave to amend its pleading to include a counterclaim and remands the case, the other party seeks to avoid the effect of the appeal and remand by preemptively filing a notice of voluntary dismissal. However, we note that a plaintiff's right to voluntarily dismiss an action is subject to judicially created limitations. *See Garrison v. Cook*, 280 Or 205, 570 P2d 646 (1977).

In *Garrison*, the plaintiff, to avoid litigating the issue of attorney fees, sought to terminate his action after he had lost a summary judgment motion. 280 Or at 208, 211. He filed a motion as provided in *former* ORS 18.230 (a predecessor to ORCP 54 A(1)), which allowed such a motion

"not less than five days prior to the day of trial if no counterclaim has been pleaded." This court held that, in those circumstances, the plaintiff could not avail himself of a judgment of nonsuit as "a matter of right" as provided in the statute. 280 Or at 211. The court reasoned that to conclude otherwise would allow the plaintiff to "avoid the effect of an adverse summary judgment." *Id.* Similarly, our holding in these cases prevents taxpayers from litigating through a decision on appeal whether defendants were entitled to file counterclaims putting the land values at issue in the cases, and then avoiding that decision by claiming that the very counterclaims at issue on appeal had not yet been pleaded.

In sum, applying principles concerning the effect and scope of remands, we conclude that the Tax Court was obliged to give effect to this court's decision in *Village I* that the assessor had a statutory right to pursue the counterclaims alleged in its proposed amended answers—which the Tax Court had prevented the assessor from filing through its rulings that were the subject of *Village I*—upon remand of the cases to the Tax Court for further proceedings.[7] Simply put, when this court has remanded to a lower court to apply our decision, it is implicit in that remand that the court, upon regaining jurisdiction over the case, will carry out both express and implied directions. Accordingly, we reverse and remand to the Tax Court to permit the filing of the assessor's amended answers.

The order of the Tax Court in *Village at Main Street Phase II, LLC II v. Dept. of Rev.*, 22 OTR 52 (2015), is vacated. The general judgment of the Tax Court dismissing the cases is reversed. The cases are remanded to the Tax Court to enter the assessor's amended answers and for further proceedings.

---

[7] Thus, our decision does not affect established case law concerning motions pending before a trial court, when no remand is at issue. For example, the Court of Appeals has determined that a plaintiff may file a notice of voluntary dismissal even in the face of a pending motion for summary judgment. *See, e.g.*, *Ramirez v. Northwest Renal Clinic*, 262 Or App 317, 321, 324 P3d 581 (2014) (a pending motion or anticipated order for summary judgment will not prevent a notice of voluntary dismissal); *see also* *Sohn v. Thi*, 262 Or App 313, 315, 325 P3d 57 (2014) (stating the same). Nothing in this decision changes that case law.