IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

PARADIGM BEND LLC,     )
             )
   Plaintiff,     ) TC-MD 180093N
             )
  v.         )
             )
DESCHUTES COUNTY ASSESSOR,  )
             )
   Defendant.    ) **ORDER**

This matter came before the court on Plaintiff's Motion to Dismiss Defendant's

Counterclaim (Motion), filed June 6, 2018. Defendant filed its Response to Plaintiff's Motion on

June 14, 2018. Plaintiff filed its Reply to Defendant's Response on June 27, 2018. The matter is

now ready for the court's determination.

A. *Procedural History*

Plaintiff's original complaint challenged the 2017-18 real market value of Account

244195, which is one of several accounts composing a multi-family apartment building. (*See*

Ptf's Compl at 1; Ptf's Mot at 1.) Defendant's original answer asserted an affirmative defense

and a counterclaim:

> "AFFIRMATIVE DEFENSE[:] A. Unit of Property Valuation. To the extent that
> any claim asserted by plaintiff is based upon value determinations which fail to
> account for value(s) of components of the unit of property, plaintiff is barred from
> relief due to operation of ORS 305.287.

> "COUNTERCLAIM[:] Defendant Assessor reserves all right to establish upon
> sufficient evidence presented herein value(s) greater than the roll value(s) at issue
> in this proceeding (and in an amount not exceeding $27,000,000) including but
> not limited to value(s) established pursuant to ORS 305.287."

(Answer at 2.) At the initial case management conference, Defendant agreed to file an amended

answer identifying the additional accounts at issue under ORS 305.287 and attaching property

tax statements for each of those accounts. Plaintiff agreed to file a response alleging a total real market value for the economic unit of property at issue. (*See* Journal Entry, May 2, 2018.)

In its Amended Answer, Defendant retained its affirmative defense, but amended its counterclaim to include Accounts 244195 (Building A), 274478 (Building B), and 274479 (Buildings C and D) for the 2017-18 tax year. (Am Answer at 2.) Plaintiff filed its First Amended Complaint alleging real market values for the additional accounts. Defendant's Second Amended Answer re-alleged the affirmative defense and counterclaim contained in its prior answers. The following chart sets forth the tax roll values, BOPTA[1] values, and parties' requested values:

| | Account 244195 (Building A) | Account 274478 (Building B) | Account 274479 (Buildings C & D) | Total |
|---|---|---|---|---|
| Tax Roll | $9,042,920 | $7,986,860 | $8,530,165 | $25,559,945 |
| BOPTA | $9,042,920 | None | None | N/A |
| Plaintiff | $7,841,100 | $6,969,867 | $7,405,483 | $22,216,450 |
| Defendant | $9,529,400 | $8,470,600 | $8,538,680 | $26,538,680 |

B.      *Parties' Arguments on the Motion*

Plaintiff makes three arguments in support of its request that the court dismiss Defendant's counterclaim: (1) Defendant lacks standing to pursue its counterclaim because it is not aggrieved by a BOPTA Order; (2) Defendant failed to timely file its own appeal challenging a BOPTA Order; (3) Defendant's request for relief under ORS 305.287 may not be asserted in the form of a counterclaim. Defendant maintains that its request for relief under ORS 305.287 is a permissible counterclaim under Oregon Supreme Court and Oregon Tax Court precedent. Each argument is described in more detail below.

/ / /

_____

[1] Board of Property Tax Appeals.

1.      *Standing*

Plaintiff argues that Defendant lacks standing under ORS 305.275(1)(a) or (4) because it is not aggrieved by and affected by a BOPTA order or an act of the Department of Revenue with respect to any of the accounts at issue. (Ptf's Mot at 2–3 (citing *Wynne v. Dept. of Rev.*, 9 OTR 378, 378–80 (1984) (holding that the assessor was not aggrieved when BOPTA sustained the value on the tax rolls, thereby depriving the Department of Revenue of jurisdiction to hear the appeal under ORS 305.275); *Bear Creek Plaza v. Dept. of Rev.,* 12 OTR 272, 274 (1992) (holding that the "assessor may appeal from an order of a board of equalization only if the order changes the value set by the assessor"); and *Lane County Assessor v. Berkman,* TC-MD 070313C, WL 2176060 (Or Tax M Div, July 20, 2007) (holding that the assessor lacked standing to appeal to the tax court when BOPTA adopted the assessor's recommended value)).) Plaintiff notes that the Regular Division of this court has employed similar principles to determine whether a defendant is aggrieved by a decision of the Magistrate Division on appeal. (Ptf's Mot at 4 (citing *Village at Main Street Phase II, LLC II v. Dept. of Rev.*, 22 OTR 52, 56 (2015), *vacated on other grounds*, 360 Or 738, 387 P3d 374 (2016); and *Work v. Dept. of Rev.*, 22 OTR 396, 414 (2017)).)

2.      *Timeliness*

Plaintiff argues that Defendant's claims are not timely because an appeal from BOPTA must be made within 30 days from the date of the order under ORS 305.280(4). (Ptf's Mot at 5.)

3.      *Counterclaim*

Plaintiff acknowledges that Defendant may, under ORS 305.287, seek a determination of the real market value of the unit of property, which includes more accounts than the one Plaintiff appealed. (Ptf's Mot at 7.) Plaintiff maintains that Defendant's affirmative defense achieves that

purpose and Defendant may not assert a *counterclaim* under ORS 305.287.  (*See id.*)  The harm

Plaintiff seeks to avoid is Defendant's ability "to wrest control of the case from the party that

initiated it—the Plaintiff—and deprive it of the right to voluntarily dismiss anytime up to five

days before trial."  (Ptf's Mot at 6–7 (citing TCR[2] 54 A(1)).)

>    4.    *Defendant's Response*

Defendant maintains that its counterclaim is valid under *Village at Main Street Phase II,*

*LLC II v. Dept. of Rev.* (*Village II*), 360 Or 738 (2016), "wherein the Oregon Supreme Court held

that the Assessor has a statutory right, pursuant to ORS 305.287, to pursue its counterclaim."

(Def's Resp to Mot at 2.)  Defendant notes that this court has stated that "relief requested through

ORS 305.287 'can be thought of as a counterclaim.' "  (Def's Resp to Mot at 2 (quoting *Village*

*II*, 360 Or at 745–46).)

C.    *Analysis*

The question before the court is whether to dismiss Defendant's counterclaim seeking

relief under ORS 305.287.  The court begins with the text of ORS 305.287:

> "Whenever a party appeals the real market value of one or more components of a
> property tax account, or accounts that constitute a unit of property within the
> meaning of ORS 310.160(1), any other party to the appeal may seek a
> determination from the body or tribunal of the total real market value of the unit
> of property, the real market value of any or all of the other components of the tax
> account or the unit of property, or both."

The statute was enacted "to address [the] combined effect of *Nepom* and Measure 50[,]"[3] which

together prevented undervaluation resulting from the appeal of a single component of property

that could not later be corrected.  *Village at Main Street Phase II, LLC v. Dept. of Rev.* (*Village*

---

[2] Tax Court Rule.

[3] *Nepom* refers to *Nepom v. Dept. of Rev.,* 272 Or 249, 536 P2d 496 (1975).  Measure 50 refers to Article XI, section 11 of the Oregon Constitution.

*I*), 356 Or 164, 170, 175–76, 339 P3d 428 (2014).  The Supreme Court concluded that an opposing party may invoke ORS 305.287 at BOPTA, in the Magistrate Division, and in the Regular Division because each is an "appeal."  *Id.* at 177–81.  In addition, the court concluded that ORS 305.287 did not conflict with the 30-day statutory time limit on appeals from BOPTA:

> "The Tax Court's reasoning appears to assume that ORS 305.287 independently authorizes an *appeal*, when the statute plainly does not do that.  As we have explained, ORS 305.287 states that, whenever a party appeals a real property valuation and challenges only one component of the valuation, other parties may 'seek a determination' as to other components.  The statute neither requires nor authorizes other parties to file a separate notice of appeal to obtain that determination.  Moreover, ORS 305.280(4) spells out a deadline for an appellant to file an appeal.  It does not affect a respondent's time to respond to that appeal."

*Id.* at 181 (emphasis in original).

1.    *Aggrievement and timeliness*

Plaintiff's challenges based on aggrievement under ORS 305.275 and timeliness under ORS 305.280(4) are not well taken.  Each of those statutes, by its terms, applies to "appeals."  As the Supreme Court in *Village I* explained, ORS 305.287 does not authorize an "appeal."[4]  Thus, neither statute applies to the relief requested under ORS 305.287.

With respect to the timing of Defendant's request for relief under ORS 305.287, it is evident from the plain text of the statute—"whenever a party appeals"—that the time for a party to request relief is in response to an appeal.  There is no question that Defendant's request for relief under ORS 305.287 is timely because it was raised in its first responsive pleading.  *See* TCR-MD[5] 2 B ("Claims and affirmative defenses, *e.g.*, an ORS 305.287 determination request or

---

[4] ORS 305.275(1) begins "[a]ny person may *appeal* under this subsection to the magistrate division * * *." (Emphasis added.)  Similarly, ORS 305.275(4) authorizes "[a] county assessor who is aggrieved by an order of the county [BOPTA]" to "appeal."  ORS 305.280(4) gives the time limit for filing "an *appeal* to the tax court" from a BOPTA order.  (Emphasis added.)

[5] Tax Court Rule-Magistrate Division.

an allegation that plaintiff failed to timely file an appeal, must be alleged in a defendant's first filed pleading[.]"); *see also* TCR 21 (concerning the time and manner for presenting defenses).

2. *Counterclaim vs. affirmative defense*

Plaintiff maintains that ORS 305.287 does not constitute a counterclaim. Plaintiff acknowledges, however, that Defendant may request a determination under ORS 305.287 in the form of an affirmative defense. TCR 19 B provides a non-exhaustive list of affirmative defenses, including "any other matter constituting an avoidance or affirmative defense." Generally, an affirmative defense does not directly contradict the facts pleaded by the plaintiff, but rather presents a " new matter * * * consisting of a statement of facts different from those averred by the plaintiff and not embraced within the judicial inquiry into their truth." *See Lasley v. Combined Transport, Inc.*, 351 Or 1, 17, 261 P3d 1215 (2011) (concluding that, although neither an affirmative defense nor a cross-claim was "ideally designed as a mechanism" to allow a defendant to plead new facts demonstrating a codefendant was more at fault, an affirmative defense was the better mechanism because an affirmative defense does not require a defendant to seek a separate judgment against a codefendant) (internal quotation marks omitted).

By contrast, "[a] counterclaim may or may not diminish or defeat the recovery sought by the opposing party. It may claim relief exceeding in amount or different in kind from that sought in the pleading of the opposing party." TCR 22 A(2). "A counterclaim must allege facts that create an independent cause of action." *Rexius Forest By-Products v. A & R Lumber Sales*, 112 Or App 114, 118 (1992) (citing *Rogue River Management Co. v. Shaw*, 243 Or 54, 411 P2d 440 (1966)); *see also Jones v. Four Corners Rod and Gun Club*, 290 Or App 811, 823 n 11, 418 P3d 765 (2018) (noting that "a counterclaim differs in scope from [the affirmative defenses of] setoff

/ / /

and recoupment in that only a counterclaim permits 'affirmative relief' " whereas recoupment abates or cuts back the plaintiff's claim).

Recently, the Supreme Court suggested that a defendant's request to increase a property's real market value above BOPTA's determination effectively functioned as a separate claim for relief. *Ellison v. Dept. of Rev.*, 362 Or 148, 163, 404 P3d 933 (2017), *adh'd to as modified on recons* 362 Or 527, 530, 412 3d 201 (2018). In *Ellison*, the Supreme Court considered whether a taxpayer who successfully defended against a defendant's request to increase the real market value had received a ruling in its favor for purposes of an attorney fee award under ORS 305.490(4)(a). 362 Or at 160. The court observed that

> "the department's suggestion that the sole 'claim' in a property tax appeal is 'a request to determine the actual value of the property' obscures the fact that both parties made their own requests for affirmative relief from the BOPTA valuation. Viewed accordingly, even though the Tax Court made a single determination of value on appeal, it did so in the context of resolving countervailing requests for affirmative relief from the BOPTA decision that, as pertinent here, effectively functioned as separate claims by the parties."

*Ellison,* 362 Or at 529–30. Thus, at least in the context of attorney fees, a defendant's request that the court increase the real market value functions as a distinct claim.

Although a Defendant's affirmative request for relief may in some respects function as a distinct claim, this court has questioned the general availability of counterclaims in the Tax Court. *See Village at Main Street Phase II, LLC II v. Dept. of Rev.*, 22 OTR 52, 56–57 (2015), *vac'd on other grounds* 360 Or 738, 387 P3d 374 (2016).[6] Observing that the court's rules contemplating counterclaims "cannot expand upon or alter the statutory requirements with respect to matters brought to the Regular Division," the court held that defendants who feel

---

[6] *See also Work v. Dept. of Rev.*, TC 5286, WL 3135940 at *11, *13 (Or Tax, July 20, 2017) (restating its holding that "each party requesting affirmative relief from a magistrate's decision must file its own complaint in the Regular Division to secure its requested relief.").

aggrieved by the written decision of a magistrate are "statutorily required to raise the matter by filing a complaint within a specific time line and serve that complaint as required by ORS 305.560(3)."[7] *Id.* at 56–57. However, this court has also acknowledged that an exception may exist for relief under ORS 305.287:

> "The relief provided by ORS 305.287 can be sought for the first time in the proceedings in the Regular Division. It cannot be denied under ORS 305.570 on the basis that it was not sought or given in the case in the Magistrate Division. *Logically, it would appear it may be sought by a counterclaim or other request in an answer to the complaint that constitutes the 'appeal' referred to in ORS 305.287.* But, of course, the relief provided under ORS 305.287 must be sought. And, it is in the nature of a claim against the appellant. *It can be thought of as a counterclaim.* At this point, the court does not pass on whether, in an initial answer, a defendant must denominate a request for relief under ORS 305.287 as a counterclaim or whether it could be sought in an initial pleading in some other fashion.
>
> *The court also does not need to consider whether a claim for ORS 305.287 relief, if pleaded, constitutes a bar to a plaintiff dismissing a case under TCR 54 A(1), although it appears it most probably would serve that function.*"

*Id.* at 59–60 (emphasis added). In reversing the Tax Court, the Supreme Court expressly declined to review the Tax Court's determination that a defendant wishing to challenge a magistrate's decision may not do so by counterclaim. *Village II*, 360 Or at 745 n 4.

The proper classification—affirmative defense or counterclaim—of a request for relief under ORS 305.287 is a vexing question. As in *Lasley*, neither mechanism is "ideally designed" to request relief under ORS 305.287. As Defendant noted, dicta from this court suggests that a request under ORS 305.287 is a counterclaim. Additionally, in *Ellison*, the Supreme Court

/ / /

---

[7] A defendant's failure to timely file a complaint, however, does not mean that the defendant is prohibited from requesting an increase in real market value. *See Ellison v. Dept. of Rev.*, 21 OTR 201, 202 n 1 (2015) *aff'd* 362 Or 148 (2017) (explaining that ORS 305.412 permits the court to consider a defendant's request to increase real market value, even if such request cannot be considered a counterclaim).

determined that a defendant's request to increase the real market value functions as a separate claim, even though the court ultimately makes only one real market value determination.

On the other hand, a request for relief under ORS 305.287 does not constitute an independent cause of action. As the Supreme Court observed in *Village I*, "The statute neither requires nor authorizes other parties to file a separate notice of appeal to obtain that determination." 356 Or at 181. ORS 305.287 operates only when a plaintiff has filed an appeal; it is necessarily *dependent* on a plaintiff's claim for relief. Additionally, it is not necessarily the case that a request for relief under ORS 305.287 seeks a higher real market value than the tax roll or BOPTA; a defendant may allege that the total real market value of the unit is correct, even if not correctly allocated between the component parts or accounts.[8] Viewed as such, the request for relief under ORS 305.287 appears to more closely resemble an affirmative defense: it alleges new facts that defeat, rather than controvert, the claim.

Ultimately, for the reasons set forth above, the court is convinced that a request for relief under ORS 305.287 is properly viewed as an affirmative defense rather than a counterclaim. That conclusion is consistent with the legislative intent described in *Village I* to broaden the scope of an existing appeal to permit the tribunal to determine the correct real market value, not to create a new type of appeal or cause of action.

/ / /

/ / /

---

[8] In *Village at Main Street Phase II, LLC v. Dept. of Rev.*, 20 OTR 524, 528 (2012), *rev'd* 356 Or 164, the Tax Court made the following observation on the effect of ORS 305.287: "If taxpayer is correct in its position [that ORS 305.287 cannot apply in this case], it will be able to litigate the valuation of the buildings in the account and potentially improve its position on those values without any risk that the county will be able to obtain a decision that the land component of the account was initially understated. Stated differently, it may win as to the buildings without the risk of losing part or all of its victory as a result of the case being opened up to consideration of land value." Thus, ORS 305.287 may permit the defendant to cut back or diminish the relief plaintiff receives on its claim.

D.    *Conclusion*

Upon careful consideration, the court grants Plaintiff's Motion to Dismiss Defendant's Counterclaim because Defendant's request for relief under ORS 305.287 does not constitute a counterclaim.  Defendant may, within 30 days from the date of this Order, file an amended answer.  Now, therefore,

IT IS ORDERED that Plaintiff's Motion to Dismiss Defendant's Counterclaim is granted.

IT IS FURTHER ORDERED that, within 30 days from the date of this Order, Defendant may file an amended answer.

Dated this ____ day of August 2018.

_____
ALLISON R. BOOMER
MAGISTRATE

***This interim order may not be appealed.  Any claim of error in regard to this order should be raised in an appeal of the Magistrate's final written decision when all issues have been resolved.  ORS 305.501.***

***This document was signed by Magistrate Allison R. Boomer and entered on August 13, 2018.***